pear either that some material facts were misstated, or that facts were suppressed which, if considered, should have required the court to refuse leave to prosecute as a poor person. No such condition of affairs is made to appear. If all the facts shown by this record had been made to appear to the justice to whom the application for leave to prosecute as a poor person was made, he would have known that certain costs of a former action adjudged to be paid by the plaintiff to the defendant had not been paid. But that fact was not sufficient to prevent the plaintiff from prosecuting this action. For that reason it was not proper to vacate that order. So long as that order stood, the remainder of the order, staying the plaintiff's proceedings until the payment of those costs, and requiring the plaintiff to give security for costs of this action, was clearly improper. For that reason the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

---

(20 App. Div. 245.)

### HODECKER v. STRICKER.

(Supreme Court, Appellate Division, Fourth Department. July 29, 1897.)

1. HUSBAND AND WIFE—WRONGFUL HOLDING OUT AS WIFE—DAMAGES.
   A complaint fails to state a cause of action in alleging that defendant resides with plaintiff's husband, though not married to him; that she assumes his surname, and under such name has executed papers and dealt with tradespeople, as his wife; and that such acts have scandalized, annoyed, and otherwise injured plaintiff,—where there is no allegation that plaintiff has sustained any pecuniary damage by reason of such acts.

2. SAME—FALSE PERSONATION.
   Such acts are not criminal, within Pen. Code, § 562, punishing "a person who falsely personates another, and in such assumed character marries, or pretends to marry, or to sustain the married relation towards another," where it is not alleged that defendant in any manner "personated" plaintiff.

Appeal from special term, Monroe county.

Action by Anna Hodecker against Emma Stricker for damages and an injunction. From a judgment sustaining defendant's demurrer to the complaint, plaintiff appeals. Affirmed.

The plaintiff, in her complaint, states that she is the lawful wife of Frederick Hodecker, residing at No. 25 Gorham street, in the city of Rochester; that she has been known as such for a long time, and is exclusively entitled to be known as such; that the defendant resides with the plaintiff's husband at the place above mentioned, although she has never been married to him, and that, without any right and contrary to law, she has assumed to herself, and claims and bears, the surname of "Hodecker"; that she also claims and pretends to be, and falsely personates herself as, the lawful wife of Frederick Hodecker, and has executed various papers and instruments under the name of "Emma Hodecker," "Mrs. E. Hodecker," and "Mrs. Emma Hodecker," and has dealt with tradespeople as the wife of Frederick Hodecker, although well knowing that the plaintiff is his true and lawful wife. There is no allegation that the plaintiff has suffered any pecuniary damage by reason of the defendant's acts, but she claims to have been scandalized, slandered, defamed, annoyed, humiliated, degraded, and otherwise injured, to her damage of $10,000, for which she demands judgment; and she also asks that the defendant be restrained from using the name "Hodecker," and from holding herself out to the world as the wife of Frederick Hodecker.

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

Jacob Spahn, for appellant.

Werner & Harris, for respondent.

PER CURIAM. The complaint as originally drawn was demurred to upon the ground that it failed to state facts sufficient to constitute a cause of action, and such demurrer was sustained at the special term, but the customary privilege to amend was granted. The amended complaint was in turn demurred to upon the same ground, and this was likewise sustained. From the interlocutory judgment entered thereon, this appeal is brought.

Upon the first decision a very careful and comprehensive opinion was written by Mr. Justice Bradley (39 N. Y. Supp. 515), which commends itself to our unqualified approval; and, while the plaintiff has availed herself of the privilege to reform her complaint, we are unable, after a careful reading of the amended pleading, to discover wherein she has successfully met the adverse criticism to which the first complaint was subjected. But, if we correctly apprehend the present attitude of the plaintiff's counsel, he does not rely with so much confidence upon the amendments which have been incorporated into his pleading as he does upon the general proposition that the complaint has, from the very first, contained a good and complete cause of action, inasmuch as it alleges facts which, if true (as they must be assumed to be in the present situation of the case), constitute a crime; his theory being, as we understand it, that this necessarily determines the wrongful character of the acts complained of, and requires that a court of equity shall discover some suitable remedy therefor. The crime which it is claimed has been committed by the defendant is that which is defined by section 562 of the Penal Code, which, so far as deemed applicable, reads as follows, viz.:

"A person who falsely personates another, and in such assumed character marries, or pretends to marry, or to sustain the married relation towards another, with or without the connivance of the latter, is punishable by imprisonment in a state prison for not more than ten years."

We do not wish to be understood as assenting to the proposition of the plaintiff's counsel that the violation of any provision of the criminal law necessarily established a right to maintain a civil suit; nor is it necessary to seriously consider the same, for we think the learned counsel is clearly in error when he asserts that the defendant has violated the provision of the Penal Code just quoted, as it is not claimed that before marrying, or pretending to marry, or prior to sustaining the marriage relation, with Hodecker, she falsely personated the plaintiff. Indeed, she never pretended to personate her. She has simply held herself out to the world as "Mrs. Frederick Hodecker"; and while, in doing so under the circumstances detailed in the complaint, she was undoubtedly guilty of conduct which was morally indefensible and false in fact, she did not thereby bring herself within either the letter or the spirit of the offense denounced by the section in question, and consequently the counsel's contention,

so far as it is founded upon the supposed commission of a crime, is utterly fallacious. But, without prolonging the discussion of the various questions to which our attention has been directed, it is sufficient to say that for the reason just stated, as well as for those given by Mr. Justice Bradley, we are of the opinion that the demurrer should be sustained.

Interlocutory judgment affirmed, with costs.