(45 Misc. Rep. 272.)

### BELL v. CLARKE.

(Supreme Court, Special Term, New York County. November, 1904.)

1. EXAMINATION BEFORE TRIAL—WHEN GRANTED.

    In an action to obtain an injunction restraining defendant from holding herself out as the wife of plaintiff, the evidence showed no ceremonial marriage between the parties, but that the relations were meretricious in their origin, and so remained. Defendant claimed a marriage, which she sought to establish by evidence of repute and a holding out as a wife. *Held*, that plaintiff was entitled to an order for the examination of a witness before trial, under Code Civ. Proc. § 871 et seq., to show the relations existing between the parties, and also relations of defendant with other men.

2. MARRIAGE—MERETRICIOUS RELATIONS.

    Relations between parties, shown to be meretricious in their origin, will be presumed to continue to be of that character until terminated.

    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Marriage, § 61.]

3. SAME—EVIDENCE.

    In order to establish marriage to a woman of dissolute character, more evidence will be required than in the case of a woman of chaste character.

Action by Louis V. Bell against Evelyn M. Clarke, otherwise known as Evelyn M. Bell and Evelyn M. Clark Bell. Motion to vacate an order for examination of witness before trial. Denied.

Boardman, Platt & Soley, for plaintiff.

Ritch, Woodford, Bovee & Butcher (C. N. Bovee, of counsel), for defendant.

CLARKE, J. Motion to vacate an order for the examination of a witness before trial granted under the provisions of section 871 et seq. of the Code. The motion is upon the ground that the moving papers

show that the matters as to which the proposed witness is to be interrogated are irrelevant and immaterial to the issues in the action. The action is in equity. The prayer is for an injunction forbidding the defendant from holding herself out as the wife of the plaintiff, etc. The main issue is marriage or no marriage. The defendant asserts it. The plaintiff denies it. No ceremonial marriage is claimed. Defendant asserts a so-called common-law marriage. That is, she attempts to establish a precedent marriage by proof of subsequent consorting, holding out, repute, etc. Plaintiff alleges that the relation between the parties was meretricious in its origin, which was during the lifetime of his lawful wife, and so continued to the end. Plaintiff alleges that, during the time that he was so consorting with defendant, "she renewed and continued her former loose mode of life, and constantly had and maintained promiscuous intercourse and relations with a great number of men in plaintiff's house, in hotels, in houses of assignation and prostitution, and elsewhere; becoming, to all intents and purposes, a professional prostitute." He asks that the proposed witness be examined on the eve of her departure to Europe, and asserts that "said witness has knowledge of, and will testify to, the loose and improper relations of a promiscuous character maintained by the defendant during the period of said relation with plaintiff." Defendant asserts that, as this is not an action for divorce, such conduct, if it existed, being subsequent to the marriage, is not material here; that married women have been known to commit improprieties; and that it is no evidence whatever tending to disprove the marriage. But the relation, having commenced as meretricious, is presumed to continue such. The defendant, not claiming a ceremonial marriage, independent of her own direct evidence, which will be contradicted by plaintiff, must establish her contention by circumstantial evidence of conduct, holding out, etc., from which the inference to be drawn will be an actual precedent marriage. The plaintiff, it is conceded, may offer the same kind of evidence tending to show their mutual relations to establish the contrary. Can he go further, and show her relations with other men, as evidence tending to establish the nature of her relations with him? I think he can. I think, when the fact of marriage is attempted to be established in this indirect way, the whole conduct, life, and character of the parties during the period in question is open to inquiry, because the inferences to be drawn must be affected to a great degree by such considerations. Not that marriage with one's mistress is impossible, but that a great deal more evidence and of a great deal stronger nature will be required in the case of a loose and licentious woman, than in the case of a chaste, delicate, and refined woman. This view is supported by the following cases: Chamberlain v. Chamberlain, 71 N. Y. 423; Arnold v. Chesebrough, 58 Fed. 833, 7 C. C. A. 508; Matter of Brush, 25 App. Div. 610, 49 N. Y. Supp. 803; Bates v. Bates, 7 Misc. Rep. 547, 27 N. Y. Supp. 872; Jackson v. Jackson, 80 Md. 176, 30 Atl. 752; Haley v. Goodheart, 58 N. J. Eq. 368, 44 Atl. 193. I have come to the conclusion that the evidence tendered would be admissible as relevant to the issue. If there was doubt about it, I think it would be my duty to deny this motion, so that the evidence might be perpetuated, leaving the question of its admissibility to the trial court when offered, where it properly be-

longs. If, however, defendant desires to try out this question now by an appeal from the order, a clause may be inserted therein to the effect that the evidence is not to be filed for 30 days, giving an opportunity to go to the Appellate Division. Motion denied, with $10 costs.

Motion denied, with $10 costs.