[Nos. 9580, 9581. Department Two. June 9, 1911.]

## SALLIE WEATHERALL, *Appellant*, v. ROBERT WEATHERALL et al., *Respondents*.[1]

APPEAL—REVIEW—FINDINGS—FACT OF MARRIAGE. Upon an issue as to whether a marriage ceremony was performed between an Indian woman and a white man, findings will not be disturbed on appeal where the evidence was so contradictory that it is difficult to reach a conclusion without a personal view and hearing of the witnesses.

MARRIAGE—EXISTENCE OF RELATION—WANT OF LICENSE—EVIDENCE —SUFFICIENCY. Upon an issue as to the performance of a marriage ceremony, the absence of a license and failure to make any return as required by law are proper facts to be considered, but not conclusive as they do not invalidate a marriage otherwise valid.

SAME—WANT OF AUTHORITY. Lack of authority of one officiating as a minister in a marriage ceremony is admissible upon an issue as to whether the authority was exercised.

MARRIAGE—EXISTENCE OF RELATION—EVIDENCE—SUFFICIENCY. The testimony of an Indian woman that she was married to a white man with whom she had intimate relations is overcome where the preponderance of the evidence is to the effect that no ceremony was performed and that they did not live together as man and wife, the man described himself in many conveyances as a single man; and any presumption from cohabitation is overcome by evidence of the previous bad character of the woman and of similar relations with other men.

WILLS—CAPACITY OF TESTATOR. Incapacity to make a will cannot be established by showing that the testator was frequently under the influence of intoxicants.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered September 14, 1910, dismissing on the merits actions to establish a marriage and to contest a will, and to establish a resulting trust in real property. Affirmed.

*J. W. Robinson* and *R. H. Fry* (*McCafferty, Robinson & Godfrey*, of counsel), for appellant.

*A. J. Falknor* and *Troy & Sturdevant*, for respondents.

[1]Reported in 115 Pac. 1078.

MORRIS, J.—This appeal involves two proceedings, consolidated in the court below and here for the purpose of hearing. In one, appellant sought in an equitable suit to establish a marriage between herself and Harry Weatherall, the testator of respondents, and to have her community interest in the estate fixed and determined; or, failing to establish the marriage, she prayed for a decree establishing a resulting trust in certain of the real estate. In the other, she sought in the probate proceedings to establish the marriage, and contested the will upon the ground of incapacity upon the part of the testator. These two proceedings are now before us for the second time. Upon the first appeal, we reviewed the ruling of the lower court in striking certain evidence by which it was sought to establish the marriage, and in granting respondents' motion to dismiss, and we held (*Weatherall v. Weatherall*, 56 Wash. 344, 105 Pac. 822) these rulings of the lower court to be error, and remanded the cases, directing the lower court to receive the stricken and offered testimony, and to further proceed with the trials. This has been done, and we are now asked to review the final judgment of the lower court, which is adverse to appellant upon all her contentions.

The first appeal presented questions of law only, and having there fully determined the legal phases of the cases, nothing more need be said, further than that we still adhere to the views therein expressed, and proceed to the review of this appeal, which presents questions of fact only, with the law before us as therein determined. This review has been a laborious task, on account of the size of the record. Forty-four witnesses were examined and twenty-four exhibits introduced in evidence. Many errors are assigned upon the admission of evidence, some of which we regard as well taken, and have read the record accordingly. Others we overrule, but on account of the number of them, and the fact that they affect only the testimony submitted and involve no assertion or rejection of any particular rule of evidence, and thus are of

no interest except in the particular instance, we make no further reference to them. Neither do we think an extended review of the evidence would serve any good purpose. The only witnesses to the marriage were two Indians, James Tobin and his wife. The wife is a niece of appellant and, so far as this record goes, her heir, and thus interested in the outcome of the trial. This fact doubtless had its effect upon the court below in weighing their testimony and finally rejecting it. Other witnesses, who testify to declarations of deceased, and by whom it is sought to show the general repute of a marriage and other relevant facts, are shown to have sought to establish an interest in some of the property after the death of Harry Weatherall, and were compelled by the executors to restore such property to the estate. Other witnesses testify that the only talk concerning a marriage between appellant and deceased could be traced to two white men who had married Indian woman, and for that reason sought to place deceased in a like relation with appellant. These facts, if credited, together with the appearance of the various witnesses upon the stand, their manner of giving their testimony, their apparent candor or lack of it, noticeable to the lower court in seeing and hearing them testify, though not to us in reading the record, would be strong factors in determining the weight of their testimony, and the effect to be given it. The testimony as a whole is so contradictory that it is difficult to reach a conclusion without having the benefit of a personal view and hearing of the witnesses.

Illustrating this view, some witnesses testify that appellant and deceased kept their earnings in common, in charge of appellant; that appellant's wages when picking and culling oysters were paid to deceased. While others, and more in number, testify that appellant was always paid by deceased by the sack for picking oysters, and specific instances of such payments are given by a witness who had charge of the accounts. Other testimony is to the effect that appellant was

permitted to charge the account of deceased with purchases.
While others, among them a small merchant who had a store
in that vicinity and sold them many goods, testify that such
was not the case, but that appellant always had a separate
account and was never permitted to purchase goods upon the
credit of deceased. Others testify that appellant and de-
ceased lived together in a float house as man and wife, and
were so regarded in the neighborhood. While others testify
that they lived separate and apart, the appellant living
alone in the float house and deceased in another small house
upon the shore, and that the community never regarded them
as husband and wife. By far the preponderance of the evi-
dence is with the respondents on these points.

The marriage is attacked by showing there was no license
issued, nor any return made as required by law; and while
the absence of license, or the failure to make return would
not invalidate a marriage otherwise valid (*In re Hollopeter*,
52 Wash. 41, 100 Pac. 159, 132 Am. St. 952, 21 L. R. A.
(N. S.) 847), these are proper facts to consider, in view of
the conflicting testimony here shown, as to whether or not
there was a ceremony of marriage. The marriage is said to
have been performed by Kettle Labatum, an Indian minister.
Many witnesses testify he was not a minister, nor regarded
or known as such by either the Indians or white people; and
while again, as we said in the first appeal, if a ceremony was
performed by one who professed to have authority, and the
contracting parties believed in that authority, and consum-
mated the marriage under that belief, the marriage is valid,
still the lack of authority, when established by the great pre-
ponderance of the evidence, is a strong factor in determining
it was not exercised.

Much other like conflicting evidence might be referred to.
In so far as the business relations of the deceased appear in
the record—and he seems to have been a man of affairs, ac-
quiring some little property—it is all consistent with the be-
lief that he was never married. He had many transactions

by way of deed and mortgage, and executed them all as a single man, in many of them describing and referring to himself as a single man.   His whole business life, in so far as the silent witnesses in this record show it, is confirmatory of his belief and assertion that he was not a married man.   It is undoubted that he had certain intimate relations with appellant, but inasmuch as it also appears that appellant lived with two other white men in the same community prior to her acquaintance with deceased, it may safely be assumed that those intimate relations could be indulged in without the sanctity of the marriage relation, and the unquestioned character of appellant's life prior to her meeting with deceased weakens the presumptions that are ordinarily established, in cases of this character, by cohabitation.   The presumption of marriage from cohabitation is indulged in in the interest of decency, and because of the law's regard for virtue as against licentiousness.   But when, as here, it is made to appear that the woman is lewd and free with her favors, cohabitation is not of itself very strong evidence of marriage; *In re Brush*, 25 App. Div. 610, 49 N. Y. Supp. 803; *Bell v. Clarke*, 45 Misc. 272, 92 N. Y. Supp. 163; especially when it is sought to be established by evidence of a divided character, and the repute depended upon is not general nor consistent, but only special and conflicting.   *Arnold v. Chesebrough*, 58 Fed. 833.

There is no evidence upon which any resulting trust could be established in favor of appellant as to the oyster lands. Nor is there any evidence of the testator's incapacity to make a valid will; the only evidence relied upon in this latter contention being that the testator was a hard drinker and, during the latter years of his life, frequently under the influence of intoxicants.   It would take more than this for any court to hold a testator did not have sufficient capacity to make a valid will.

For these reasons, coupled with the uniform rule of this court that the decision of the lower court upon contested

questions of fact alone will not be disturbed when the evidence is ample to sustain it, and there is no manifest error in the findings, we reach the same conclusion upon all the facts in issue as did the court below.    Standing alone the evidence of the appellant was sufficient to establish a marriage, but it has been more than overcome and its presumptions destroyed by the strength of the case presented by respondents.

The judgment is affirmed.

DUNBAR, C. J., CROW, ELLIS, and CHADWICK, JJ., concur.