BERENICE L. BAUMANN, Plaintiff, v. CHARLES LUDWIG BAUMANN and Another, Defendants.*

Supreme Court, New York County, April 28, 1928.

Husband and wife — action under Civil Practice Act, § 473, for declaratory judgment determining marital status of defendants — plaintiff's husband, one of defendants, procured Mexican divorce without notice to or appearance of plaintiff — divorce is void in New York — defendants thereafter married and are holding themselves out as husband and wife — contention that court should exercise its discretion, under Rules of Civil Practice, rule 212, in denying relief because plaintiff may have marriage of defendants annulled, under Civil Practice Act, § 1134, is not sustained — no defense that two divorce actions brought by plaintiff are pending, for they were inspired by defendant husband — attempted modification of separation agreement, no defense — plaintiff entitled to judgment not only declaring marital status of defendants, but restraining defendants from holding themselves out as husband and wife, stating the plaintiff is divorced, and restraining female defendant from using name of defendant husband and restraining defendants from going through marriage ceremony.

One of the defendants, the husband of the plaintiff, procured in Yucatan, Mexico, a divorce from the plaintiff without notice to her and she did not appear. That divorce is void in New York.

This action is for a declaratory judgment, under section 473 of the Civil Practice Act, to determine the marital status of the defendants who were married in Connecticut after the granting of the void Yucatan divorce, and to restrain the defendants from holding themselves out as husband and wife.

The contention of the defendants that under rule 212 of the Rules of Civil Practice the court should exercise its discretion in denying relief to the plaintiff on the ground that she may have the marriage of the defendants annulled under section 1134 of the Civil Practice Act, and that such annulment would give plaintiff

adequate and complete relief, is not sustained, for that question is *stare decisis*, inasmuch as the Appellate Division on a prior appeal has held against the contention of the defendants.

The pendency of two divorce actions brought by the plaintiff against the defendant husband and certain negotiations between them relating to a modification of the separation agreement, did not constitute a defense to this action, for the divorce actions were inspired by the defendant husband, and the attempted modification of the separation agreement was brought about by an increase in the husband's income.

Plaintiff is entitled to a declaration of the marital status of the parties to this action, for on a prior appeal the Appellate Division so determined and the relief which the plaintiff may have is not limited simply to a mere declaration of the status of the parties, but she is entitled to injunctive relief to make that declaration effective.

Therefore, a judgment is granted the plaintiff declaring the marital status of the parties; and an injunction is granted enjoining the defendants from holding themselves out to be husband and wife, from holding out that the plaintiff is divorced, restraining and prohibiting the female defendant from using the name of the defendant husband, and enjoining defendants from going through any further marriage ceremony or ceremonies.

ACTION by wife for declaratory judgment determining her marital status.

*Hirsch, Limburg & Hess* [*Herbert R. Limburg* of counsel], for the plaintiff.

*Joseph Force Crater* [*Robert F. Wagner* of counsel], for the defendants.

TOWNLEY, J.   Plaintiff's husband, married and domiciled in New York, went to Yucatan, Mexico, in 1924, and there obtained from an administrative officer, known as the director general of civil register, a certificate of divorce purporting to divorce him from plaintiff.   No notice of the proceeding was given to plaintiff, a resident of New York, and she did not appear therein.   This divorce was void.   (*Andrews* v. *Andrews,* 188 U. S. 14; *Haddock* v. *Haddock,* 201 id. 562; *Cheever* v. *Wilson,* 9 Wall. 108; *Bell* v. *Bell,* 157 N. Y. 719; affd., 181 U. S. 175; *Olmsted* v. *Olmsted,* 216 id. 386.)   In 1926 the defendants, both residents of New York, went to Stamford, Conn., and went through the form of a marriage before a justice of the peace.   The divorce being invalid, the subsequent marriage was also invalid, and the defendants never became man and wife. (*O'Dea* v. *O'Dea,* 101 N. Y. 23; *People* v. *Baker,* 76 id. 78; *Earle* v. *Earle,* 141 App. Div. 611.)   After this marriage the defendants announced to the friends and acquaintances of the plaintiff that they had been married, and that the defendant Baumann had obtained a divorce from plaintiff.

Plaintiff has brought this action, seeking a declaratory judgment in which her marital status shall be determined, and an injunction

restraining the defendants from holding themselves out as husband and wife, from holding the plaintiff out to be divorced, and enjoining defendants from going through any further marriage ceremony. That upon the facts stated in the complaint plaintiff was entitled to some relief was held by the Appellate Division in reversing an order dismissing plaintiff's complaint for insufficiency. (*Baumann* v. *Baumann*, 222 App. Div. 460.)

Defendants here urge in spite of this decision that the court, under rule 212 of the Rules of Civil Practice, should exercise its discretion in denying relief for plaintiff, because an action to annul the Connecticut marriage under section 1134 of the Civil Practice Act would give plaintiff adequate and complete relief, and because the pendency of two divorce actions brought by plaintiff against the defendant Baumann in this court and certain negotiations between the parties as to a possible modification of the separation agreement indicate that plaintiff has some ulterior motive in bringing this action. There is no merit in this claim. The plea that an annulment action would give plaintiff complete relief was rejected by the Appellate Division in reversing the order dismissing the complaint upon this ground. The two divorce actions were inspired by the defendant Baumann, and the attempted modification of the separation was brought about by such an increase in defendant Baumann's means as to reasonably call for an increase in the allowance received by plaintiff and her children. That plaintiff is entitled to have the matrimonial status of the parties to this suit determined is clear. The Appellate Division in its opinion said: " Plaintiff has substantial personal and property rights which demand an adjudication as to her status in this State as the wife of the defendant Baumann."

Defendant claims, however, that relief should be limited to a mere declaration of the status of the parties and injunctive relief should be denied. This question was not passed on by the Appellate Division. The record shows that, immediately following the marriage of the defendants, they sent out engraved cards to the number of several hundred announcing their marriage. Defendants have informed friends and acquaintances of the plaintiff that the defendant Baumann obtained a divorce from her. The defendant Baumann has introduced the defendant Einstein to his friends and acquaintances as his wife, and defendants now live within a few blocks of the apartment in which plaintiff resides. The inevitable result of this is that friends and acquaintances of the plaintiff and the public generally will understand that the plaintiff has been divorced for her own misconduct; her children will be embarrassed and humiliated as the children of a divorced woman. In the social and business world another is claiming the title Mrs. Charles Ludwig Baumann, and is

being introduced as the wife of plaintiff's husband, with all the attendant confusion and humiliation which must follow. A mere declaration of plaintiff's status, without putting an end to this injury, would obviously not grant the plaintiff adequate relief. The mere declaration that plaintiff is the lawful wife of defendant Baumann, and that the defendant Einstein is not his wife, would not stop these defendants from holding themselves out to be husband and wife and holding plaintiff out to be divorced.

From the facts established by the evidence I am of the opinion that the plaintiff is entitled, not only to have a judgment declaring her marital status, but also to injunctive relief enjoining the defendants (1) from holding themselves out to be husband and wife; (2) from holding the plaintiff out to be divorced; (3) restraining and prohibiting defendant Einstein from using the name " Baumann; " and (4) enjoining the defendants from going through any further marriage ceremony or ceremonies. The granting of such relief by injunction is supported by the reasoning and principles stated in the following cases: *Greenberg* v. *Greenberg* (218 App. Div. 104); *Hall* v. *Smith* (80 Misc. 85); *Randazzo* v. *Roppolo* (105 N. Y. Supp. 481); *Bell* v. *Clarke* (45 Misc. 272); *Hawke* v. *Corri*, ([1820] 2 Hagg. Cons. 280). In the *Greenberg Case* (*supra*) plaintiff sought and obtained a decree permanently and perpetually restraining and enjoining the defendant from further prosecution of an action for absolute divorce commenced by him against the plaintiff in the civil court of first instance, Hermosillo, Sonora, Mexico. Mr. Justice DOWLING, writing the unanimous opinion of the court, stated among other things: " If he [defendant] were allowed to prosecute his Mexican action to judgment * * * plaintiff would be in danger of having her status assailed and her rights invaded by having a husband with one wife in New York and another in Mexico. Furthermore, the mere fact that a husband has secured a divorce from his wife gives ground for suspicion at least of the virtue and fidelity of the latter, on the part of the general public, in the domicile of both parties, who are unacquainted with the infinite variety of causes for which divorces may be granted in other jurisdictions and have heard only of the usual statutory ground for divorce in this State. A wife who has given no ground for divorce in this State where she and her husband have always lived during their married life, should not be exposed to the humiliation and doubt as to her status raised by a judgment of divorce in another State, even if fraudulently obtained and invalid here. There are many conceivable uses to which such a judgment of divorce could be put, causing plaintiff expense, litigation, worry, annoyance and misrepresentation. It is no answer to say that she

must ultimately succeed against any attack made upon her, under the judgment, as it is invalid."

In *Hawke* v. *Corri*, ([1820] 2 Hagg. Cons. 280, 285) Lord Hawke sued defendant for jactitation of marriage, alleging that he was not married to her, but she boasted that she was his wife. The court said: " If a person pretends such a marriage, and proclaims it to others, the law considers it as a malicious act, subjecting the party against whom it is set up to various disadvantages of fortune and reputation, and imposing upon the public (which for many reasons is interested in knowing the real state and condition of the individuals who compose it) an untrue character; interfering in many possible consequences with the good order of society, as well as the rights of those who are entitled to its protection. *It is therefore a fit subject of legal redress; and this redress is to be obtained by charging the supposed offender with having falsely and maliciously boasted of a matrimonial connection, and upon proof of the fact obtaining a sentence enjoining him or her to abstain in future from such false and injurious representations, and punishing the past offense by a condemnation in the costs of the proceeding.*"

In *Hall* v. *Smith* (80 Misc. 85) plaintiff moved for a temporary injunction to restrain defendant from enticing away and alienating the love and affection of plaintiff's husband. The court said (p. 87): " While the question is most unusual in respect of the power of the court to grant such relief, I have no doubt whatever that in a proper case the right to grant such an injunction resides in the court of equity and that it is not unduly extending the jurisdiction or cognizance of the court to restrain the impending, threatened or continued commission of such acts as are violative of the rights of a plaintiff in a suit of this character."

In *Randazzo* v. *Roppolo* (105 N. Y. Supp. 481) a woman went through a marriage ceremony with some one who impersonated the plaintiff. The plaintiff brought an action in equity in which the court decreed that the plaintiff was *not* married to defendant, that the pretended marriage was a nullity and issued an injunction. In *Bell* v. *Clarke* (45 Misc. 272) it appears from the opinion that the court held proper an action to restrain the defendant from holding herself out to be the wife of the plaintiff. Although there was at one time a tendency to restrict equitable relief to cases where property rights were involved rather than merely *personal* rights, the courts and text writers everywhere are now taking the more advanced view that the jurisdiction of equity extends to personal rights. (*Greenberg* v. *Greenberg*, 218 App. Div. 104; *Schuyler* v. *Curtis*, 147 N. Y. 434; *Vanderbilt* v. *Mitchell*, 72 N. J. Eq. 910.) Indeed, one of the very purposes of introducing the declaratory

judgment was to permit adjudication by a court of equity of personal rights, for the Civil Practice Act (§ 473) gives power to the Supreme Court " in any action or proceeding to declare *rights* and other *legal relations.*     *    *    * "

The cases of *Hodecker* v. *Strickler* (20 App. Div. 245) and *Ellis* v. *Ellis* (55 Misc. 34), relied upon by the defendants, are not in point. Both of these cases were decided long before the declaratory action became a part of our body of laws, and each is radically distinguished upon the facts.    In the *Hodecker* case, where plaintiff brought an action because another woman was living with her husband, there was no claim either by that woman or the husband that the plaintiff was not the real wife, or that the husband had procured a divorce from her.    In the *Ellis* case likewise the woman living with the husband did not presume or pretend to be the husband's wife.    The purported Mexican decree of divorce is invalid and void.    It necessarily impairs, injures and misrepresents the marital status of the plaintiff and the rights, interests and social standing of herself and her children.    The actions of the defendants necessarily subject the plaintiff and her children to worry, annoyance, misrepresentation, litigation and expense, and, to use the language of Mr. Justice DOWLING in *Greenberg* v. *Greenberg* (*supra*), " it would be difficult to find a case which appeals more to the discretion of the court to give the fullest measure of injunctive relief."

Judgment is granted in favor of the plaintiff adjudging and declaring the purported Mexican divorce to be null and void; the Connecticut marriage to be null and void.    In addition, the plaintiff is entitled to injunctive relief as hereinbefore stated.    Plaintiff is awarded costs of action, together with taxable disbursements. Findings passed upon; submit decision and judgment accordingly