Harold Tesslbr, J.
In this action, plaintiff husband seeks judgment declaring* that a decree of divorce obtained by his wife, Marilyn Connors, is null and void and for further relief in conjunction therewith. In addition, plaintiff seeks permanent custody of their four-year-old son, James Stephen Connors.
The parties were married in this State in September, 1954 and their infant son was born on December 12, 1957. In April, 1960 the parties entered into a separation agreement which provided that they would live separate and apart and that plaintiff would pay $15 per week for the support of the infant issue but would be relieved of any payment of support for the defendant. Thereafter, in December, 1960, defendant obtained a Mexican decree of divorce. The record is clear that plaintiff was neither served with process, appeared, nor signed a waiver in the proceeding before the Mexican court. Moreover, it is also clear that the defendant was not at any time a legal resident of Mexico. Upon obtaining this decree of divorce, defendant married the codefendant Richard Marchesini, with whom she presently lives as man and wife. Their child was born on July 9, 1961.
Upon the trial, defendant testified that in February, 1961 plaintiff upon learning of her pregnancy by Richard Marchesini, demanded that unless she pay him the sum of $3,500 he would commence an action to invalidate her marriage to Marchesini. She further testified that when she refused this proposition plaintiff began a course of harassment and threats to remove their son from her custody; that on November 7, 1961 the plaintiff and his former attorney had a conference with the defendant at the office of her attorney, at which time the parties agreed to discontinue the instant action if his visitation rights as contained in the separation agreement were liberalized, but plaintiff reneged shortly thereafter and substituted his present attorneys. Plaintiff admitted to this conference and in fact substantiated defendant’s testimony with respect thereto. Further evidence was offered on the part of defendants and other witnesses on their behalf to the effect that plaintiff had been seen on several *345 occasions entering the apartment occupied by a Mrs. B and not leaving until the early hours of the morning. Plaintiff and Mrs. B both admitted that plaintiff subsequently visited and stayed overnight regularly in the latter’s apartment and on numerous occasions the four-year-old son of the parties was present. Mrs. B maintained that she is merely an old friend of plaintiff and nothing more.
Plaintiff testified that he is employed as an oil crane operator and works five days per week, from 8:00 a.m. to 5:00 p.m. He further testified that if given custody of the four-year-old child, he would have the infant live with friends or a niece of his and that he would visit with the child on week ends and some evenings. He stated that he knew nothing about the manner in which his son was presently being cared for by the defendant and had no complaints insofar as his son’s present custody and welfare are concerned.
While the granting of a declaratory judgment rests in the sound judicial discretion of the court (Rosenwald v. Rosenwald, 272 App. Div. 1027), such discretion “is a legal discretion founded upon conditions which call for judicial action as distinguished from mere individual or personal view or desire ” (Matter of Superintendent of Banks, 207 N. Y. 11, 15). “In the last analysis, the remedy, being in large part unusual and discretionary, the authority of each case must necessarily depend upon the facts therein presented” (Engel v. Engel, 275 App. Div. 14, 17). The court personally is of the view that plaintiff’s conduct and prime motivation with respect to the institution of this action are reprehensible. Nevertheless, the facts are such as to compel the conclusion that plaintiff is entitled to a judgment legally declaring his present marital status. Such would not be the case if, as in Guibord v. Guibord (2 A D 2d 34) plaintiff had, subsequent to the ex parte divorce decree, obtained a valid decree of separation, or as in Hines v. Hines (8 A D 2d 804) plaintiff’s sole objective would be to modify the custody provisions fixed by a court in a habeas corpus proceeding. In the case at bar, plaintiff did nothing affirmatively or otherwise with respect to his marital status and the present situation with respect thereto has been brought about solely through the acts of the defendant wife. The fact that a party may have an ulterior motive in commencing an action for a declaratory judgment does not, in and of itself, permit the court to deny him judgment if in fact he is entitled to have his matrimonial status determined. (See Baumann v. Baumann, 132 Misc. 217, affd. 224 App. Div. 719, mod. on other grounds 250 N. Y. 382.)
*346 Under these circumstances, judgment will accordingly issue as follows: Plaintiff Matthew Connors and defendant Marilyn Connors are presently husband and wife and the Mexican decree of divorce procured by defendant Marilyn Connors is null and void and of no force and effect. The subsequent marriage by defendant Marilyn Connors to Richard Marchesini is null and void.
Subdivision 7 of section 1135 of the Civil Practice Act provides: “ If a marriage be declared a nullity or annulled for any cause or under any conditions other than those specified in the foregoing subdivision, the court by the judgment may decide that a child of the marriage is the legitimate child of either or both of its parents.” Pursuant to this section, the child of the defendants born on July 9,1961, is declared their legitimate son.
As to the custody of the infant James Stephen Connors, the court is of the opinion that the child’s welfare and well being dictate that he remain in his mother’s custody.