## SUPREME COURT

### OLSSEN agt. SMITH

Where a temporay injunction is sought under the 3d clause of §219, the affidavit must show that the threats of the defendant to remove his property, &c., were made *during the pendency of the action;* and the complaint should contain a prayer for an injunction for that reason. The injunction order can not be sustained where it appears that the threats of the defendant were made *before* suit brought, and no demand in the complaint for an injunction.

*New York Special Term, January* 1852. *On return of order to show cause why injunction should not issue.* Complaint is sworn to on the 24th of January; summons dated on the same

day; affidavit on which order to show cause, is dated same day, 24th January.

E. F. TREADWELL, *for Plaintiff*.

——, *for Defendant*.

MORRIS, Justice.—The complaint does not aver that defendant threatened " he would put his property out of his hands, if plaintiff resorted to legal means to collect his claim." Neither is there a prayer in the complaint for an injunction.

The affidavit of the plaintiff upon which notice to show cause has issued, states:

" Deponent further says, that defendant has threatened, and still threatens to dispose of his property in case this deponent has recourse to legal measures to compel said defendant to pay deponent's just and lawful claim against him; and deponent verily believes that unless an injunction order be issued, &c., deponent will totally lose his just and lawful claim." It is not averred this threat took place during the pendency of the suit. Section 219, "Injunction, in what cases granted," first clause provides for cases where the facts upon which injunction should issue, exist before the suit is instituted, are set forth in the complaint, and a part of the relief asked for in the complaint, is the injunction.

Second clause is where during the litigation it shall appear that plaintiff is doing, or threatens, or is about to do, or procuring or suffering some act to be done in violation of the plaintiff's rights respecting the *subject* of the action, and tending to render the judgment inffectual, a temporary injunction may be granted, &c.

Third clause, where, *during the pendency* of an action it shall appear by affidavit that defendant " threatens, or is about to remove or dispose of his property, with intent to defraud his creditors, a temporary injunction may be granted to restrain such removal or dispositon." It is under this third clause that the injunction must issue if plaintiff is entitled to it.

The threats spoken of in the affidavit were evidently made before the suit was brought; and if urged as a reason for the injunction should have been charged in the complaint, and an injunction demanded in the complaint.

As the affidavit does not aver, and from the time it was taken, it could not aver, that the threats were made during the pendency of the suit, the injunction must be denied.

Injunction order vacated, with $10 costs to the defendant for opposing the motion.