# SUPREME COURT.

## GABRILLA VERMILYEA agt. ERWIN G. VERMILYEA.

A temporary *injunction* order, in a proper case, may be allowed at the commencement of the action, (*Code*, § 219,) without it appearing that the relief, or a part of it, demanded by the complaint, is a final decree, perpetually restraining the commission of the act, and that the plaintiff is entitled to such relief. (*This seems to be adverse to Woodworth* agt. *Lyon*, 5 *How.* 463; *Corning* agt. *Troy Iron*, &c., *Factory*, 6 *id.* 89 *and Ward* agt. *Dewey*, 7 *id.* 17.)

Under the old practice it was common to allow temporary injunctions, pending litigation, in creditor's bills, foreclosure of mortgages, to stay waste, and in

Vermilyea agt. Vermilyea.

many other cases where a perpetual injunction was no part of the relief sought.

It is enough if the relief demanded, or part of it, and which the complaint shows the plaintiff entitled to, is *provisional* and not final relief. But it must appear that the injury will be substantial and inevitable.

In such a case as this, after a decree of separation providing for the support of the wife, the court has the power it formerly possessed, of keeping not only the defendant's property, but his person within its jurisdiction.

*At Chambers, April,* 1857.

MOTION to dissolve injunction on complaint.

The complaint, on sufficient facts, prayed for a separation from bed and board for ever, and for support and maintenance from the husband's property. It also alleged that the defendant had declared his intention of selling and disposing of all his property, and removing with the proceeds to the territory of Kansas, without making any provision for the support and maintenance of the plaintiff, and asked for an order restraining the defendant from selling or disposing of his property, or removing the same out of the jurisdiction of the court, until after trial and judgment in the action. The complaint was sworn to. The motion was made principally on the ground that a perpetual injunction was not a part of the relief demanded.

GEO. B. BRADLY, *for defendant.*
S. H. HAMMOND, *for plaintiff.*

JOHNSON, Justice. It appears by the complaint that the plaintiff is entitled to the principal relief demanded. It also appears that the defendant threatens to do an act which, if done during the litigation, would manifestly operate injuriously upon the plaintiff's rights. It would seem, therefore, to be the precise case contemplated by § 219 of the Code, where an injunction order is allowed at the commencement of the action.

The defendant's counsel insists, however, that a temporary injunction cannot be issued in any case at the commencement of the action, unless the relief, or a part of it, demanded by the complaint, is a final decree, perpetually restraining the commission of the act; and it appears by the complaint that the

plaintiff is entitled to such relief, and the cases of *Woodworth* agt. *Lyon*, (5 *How. Pr. R.* 463,) *Corning* agt. *The Troy, &c., Factory*, (6 *id.* 89,) and *Ward* agt. *Dewey*, (7 *id.* 17,) are relied upon as authority. This seems to have been said substantially in each of those cases, though in neither did the decision turn upon that point. I cannot subscribe to this as the true interpretation of § 219. For granting, as Mr. Justice PARKER intimates, that the Code has not changed the former practice of allowing preliminary injunctions, no such conclusion follows.

Before the Code, by statute, such an injunction could not be allowed until the bill was filed; and by the practice it could not be allowed unless there was a formal prayer for it in the complaint. (*Walker* agt. *Devereux*, 4 *Paige*, 229.) But it was never held, that I am aware of, that in no case would a preliminary injunction be allowed, unless the plaintiff, in his bill of complaint, prayed for and showed himself entitled to a decree for a perpetual injunction. On the contrary, nothing was more common than the allowance of such injunctions in creditor's bills, where a perpetual injunction was no part of the final decree, and the only object of the bill was to obtain the assignment of the debtor's property, not liable to execution, to a receiver, and the satisfaction of the judgment recovered through the receiver's sale. So in mortgage foreclosures to restrain the commission of waste pending the litigation, where the mortgaged premises were an inadequate security. Many other cases might be instanced, where a perpetual injunction was no part of the relief sought.

In a case like this, it is conceded in *Rose* agt. *Rose*, (11 *Paige*, 166,) that the plaintiff was entitled to an injunction to prevent the defendant's property from being wasted or squandered. And in *Questel* agt. *Questel*, (*Wright's Ohio Rep.* 492,) it was held that an injunction would not only be granted to prevent the husband from wasting his estate to cut off the wife's alimony pending the divorce suit, but also to compel the discovery of secreted property. Besides, the language of the Code, in my judgment, admits of no such interpretation. If it appears from the complaint that the plaintiff is entitled to the re-

Vermilyea agt. Vermilyea.

lief demanded, and such relief, or any part thereof, consists in restraining the commission of some act, which, if committed during litigation, would produce injury to the plaintiff, the preliminary injunction may be allowed.

The injunction provided for by the Code is temporary, and a provisional remedy merely; and it is enough, if part of the relief demanded, and which the complaint shows the plaintiff entitled to, is provisional, and not final relief, like the prevention of waste of property pending litigation, or the removal of the person or property of the defendant beyond the jurisdiction of the court, the commission of which act might injure the plaintiff by rendering the judgment wholly ineffectual.

I agree, that no court or judge would be justified in allowing the order in every case of probable or possible injury merely, although asked for in the complaint. It must appear by the complaint that the injury will be substantial and inevitable. In such a case as this, after a decree of separation providing for the support of the wife, the court has power to sequestrate the husband's property and appoint a receiver, in case the husband neglects to provide a support in conformity with such decree; and it would be singular indeed if the Code had deprived the court in such cases of the power it formerly possessed, of keeping, not only the defendant's property, but his person within its jurisdiction.

I have no doubt, after a careful examination, that the temporary injunction was properly granted, and the motion must be denied.