(14 Misc. Rep. 128.)

KEATING v. FITCH.

(Supreme Court, Special Term, New York County. October, 1895.)

1. PRELIMINARY INJUNCTION—ACT NOT PREJUDICIAL TO PLAINTIFF.

In an action by an officer legislated out of office by Laws 1895, c. 601, to procure an adjudication that the act was unconstitutional, the payment of the salaries of the officers created by such act, out of the money appropriated for the payment of the salaries of the officers who had been removed, will not be enjoined pendente lite, as the payment would not result in any injury to them, because, if it should be determined that they were entitled to their salaries as de facto officers, sufficient appropriations to pay them could be compelled.

2. LOCAL JUDICIAL OFFICERS—TERM—POWER TO TERMINATE.

Const. 1895, art. 6, § 22, providing that local judicial officers in office when the article takes effect shall hold their office until the expiration of their respective terms, does not affect the power of the legislature to terminate at any time the term of such judicial local officers by abolishing the office to which they were elected; and, therefore, Laws 1895, c. 601, abolishing the court of special sessions in New York City, is valid. People v. Hogan (Sup.) 35 N. Y. Supp. 226, followed.

Action by James P. Keating, as clerk of the special sessions, against Ashbel P. Fitch, as comptroller of the city of New York. Plaintiff moves for an injunction pendente lite to enjoin defendant from paying out of the unexpended balance of the appropriations for the year of 1895 for the court of special sessions and the police courts to the new judges. Denied.

Charles Haldane, for plaintiff.

Francis M. Scott, Corp. Counsel (Theodore Connoly, of counsel, and Lewis L. Delafield, of special counsel), for defendant.

O'BRIEN, J. The plaintiff brings this action on his own behalf and for others legislated out of office, and moves for an injunction pendente lite to enjoin and restrain the defendant from paying out of the unexpended balance of the appropriations for the year 1895 for the court of special sessions and for the police courts any sum to the new judges of the court of special sessions and city magistrates created under chapter 601 of the Laws of 1895. It is undisputed that plaintiff was appointed clerk of the special sessions by the former police justices for a period extending beyond the year 1895, and the appropriation for 1895 was made in contemplation of the payment of plaintiff's salary from the moneys so appropriated. Unless it is made to appear that plaintiff, by the payment to the new officers of their salaries out of such appropriation, will be injured, this court should not enjoin the payment by the city to the persons who are now discharging their duties under the authority of an act of the legislature. This act of 1895, legislating one set of officers out of and the other into office, is said to be unconstitutional and void. It is not claimed that there is a constitutional restriction on the right of the legislature to create new judges or magistrates for courts of inferior criminal jurisdiction. Having done so, the obligation would be on the city to pay them; and should the appropriation, before the end of the year, become exhausted, the city would

be bound to provide the necessary funds, as in the present instance, as provided by the act itself, which directs (section 24) that any additional amount needed shall "be added to and included in the final estimate for the year 1895." How, then, is plaintiff to be injured if the comptroller should pay out of the amount already appropriated the salaries of the new city magistrates? If the former justices and their clerks are still in office, they can recover their salaries. It would be no defense in a suit against the city for the latter to allege that the fund was exhausted by payments to the new magistrates. It is true there are cases authority seemingly for the proposition that a payment by the city to a de facto officer who has performed the duties of the office is a good defense to an action brought by the officer de jure who did not perform such duties. There is no case, however, which has gone to the extent of holding that, when the legislature creates additional officers, payment to them will prevent a recovery by other de jure officers, even though the latter have been prevented and therefore have not actually discharged the duties of the office. The reason is that, all being de jure officers, the city is bound to pay all the compensation prescribed by law. What has been said as to the right of the legislature to create new judges applies with equal force to the clerks. The latter are in no way protected by the constitution, and it was clearly within the power of the legislature to remove them. Without disputing these conclusions, it is insisted that the magistrates and clerks sought to be created are not de jure officers; that, while the legislature may create additional judges, it cannot abolish the former police justices; and, as the provisions seeking to do both are interdependent and part of one and the same act, that the unconstitutional features destroy the constitutional. Mr. Justice Stover, in People v. Hogan, 14 Misc. Rep. 48, 35 N. Y. Supp. 226, has passed upon the very questions thus sought to be raised, and they are no longer open ones. Unless it was made clearly to appear that he was in error, his decision should, in the first instance, be followed by every other judge, and stand as the law until reversed. The arguments in favor of and against the constitutionality of the act have been many times stated, and it would serve no useful purpose to again repeat them merely for the purpose of showing that a grave question is presented upon which lawyers and judges might properly differ. It is sufficient for the purpose of this motion to say that the arguments against the constitutionality of the act are not so overwhelming as to justify my refusal to follow the decision of Mr. Justice Stover. Besides, the court should not grant a preliminary injunction where the plaintiff's right is doubtful and his legal remedy adequate, and where the result would inevitably be to introduce confusion and impair the efficiency of the administration of criminal law in a large community. Motion is denied accordingly, with $10 costs.

Motion denied, with $10 costs.