(55 Misc. Rep. 34.)

ELLIS v. ELLIS.

(Supreme Court, Trial Term, New York County. June, 1907.)

1. INJUNCTION—PRELIMINARY AND INTERLOCUTORY INJUNCTIONS—GROUNDS.

Code Civ. Proc. § 603, providing that, where it appears from the complaint that plaintiff demands and is entitled to a judgment against defendant restraining the commission or continuance of an act, the commission or continuance of which, during the pendency of the action, would produce injury to plaintiff, an injunction order may be granted to restrain it, does not entitle a plaintiff wife, in an action for separation from bed and board, to an injunction restraining her husband from cohabiting with another woman.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 307.]

2. SAME.

Code Civ. Proc. § 604, subd. 1, providing that where it appears that defendant during the pendency of the action is doing or about to do some act in violation of plaintiff's rights, respecting the subject of the action, and tending to render the judgment ineffectual, an injunction order may be granted to restrain him therefrom, and subdivision 2, providing that, where it appears that defendant during the pendency of the ac-

tion threatens or is about to remove or dispose of his property with intent to defraud plaintiff, an injunction order may be granted to restrain the same, do not either of them entitle plaintiff, wife, in an action for separation from bed and board, to an injunction restraining her husband from cohabiting with another woman.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 307.]

Action by Abbie Ellis against James Ellis for separation from bed and board. Motion by plaintiff for an injunction restraining defendant from cohabiting with another woman. Motion dismissed.

Grauer & Rathkopf, for plaintiff.
Roswell H. King, for defendant.

TRUAX, J. This action is brought to obtain a judgment of separation from bed and board. It is conceded that the parties to the action have not lived together for the past eight or nine years, and it is claimed by the defendant that they separated by mutual consent prior to the 18th day of December, 1893. It is admitted by the defendant that he has been living with the woman referred to in the plaintiff's moving affidavit, and that she has borne him two children, who are 15 and 13 years of age, respectively. The defendant alleges that he is the sole support and maintenance of this family. The plaintiff, in the notice of motion served herein, asks for an injunction restraining and enjoining the defendant from living or cohabiting with said woman during her (plaintiff's) life.

There are no allegations in the complaint or moving papers which entitle the plaintiff, under the provisions of the Code, to a temporary injunction. To entitle the plaintiff to a temporary injunction it must be shown that the application comes within the provisions of section 603 or section 604 of the Code of Civil Procedure. Section 603 provides as follows:

"Sec. 603. Injunction, when the right thereto depends upon the nature of the action. Where it appears from the complaint, that the plaintiff demands and is entitled to a judgment against the defendant, restraining the commission or continuance of an act, the commission or continuance of which, during the pendency of the action, would produce injury to the plaintiff, an injunction order may be granted to restrain it. The case, provided for in this section, is described in this act, as a case, where the right to an injunction depends upon the nature of the action."

This action is brought to procure a judgment separating the parties from bed and board. It is apparent upon the face of the complaint that this is not a case where the plaintiff is entitled to an injunction under section 603 of the Code, "where the right to injunction depends upon the nature of the action." In other words, where an injunction is sought under this section it must be prayed for as part of the relief demanded in the complaint. Olssen v. Smith, 7 How. Prac. 481; Sanders v. Ader, 27 App. Div. 176, 49 N. Y. Supp. 964.

Section 604 of the Code of Civil Procedure provides as follows:

"Sec. 604. When the right thereto depends upon extrinsic facts. In either of the following cases, an injunction order may also be granted in an action: (1) Where it appears, by affidavit, that the defendant, during the pendency of the action, is doing, or procuring, or suffering to be done, or threatens,

or is about to do, or to procure, or suffer to be done, an act in violation of the plaintiff's rights, respecting the subject of the action, and tending to render the judgment ineffectual, an injunction order may be granted to restrain him therefrom. (2) Where it appears, by affidavit, that the defendant, during the pendency of the action, threatens, or is about to remove, or dispose of his property, with intent to defraud the plaintiff, an injunction order may be granted, to restrain the removal or disposition."

The plaintiff is not entitled to an injunction under subdivision 1 of this section, because there is nothing in the moving papers to indicate that the defendant is doing, or threatening to do, any act in violation of the plaintiff's rights respecting the subject of the action and tending to render the judgment prayed for in the complaint ineffectual. The plaintiff is not entitled to an injunction under subdivision 2 of section 604, because it does not appear by affidavit that the defendant threatens or is about to remove or dispose of his property with intent to defraud the plaintiff. It is well settled that the remedy by injunction is to be resorted to only where an injury without adequate redress may result if the writ be not allowed. Savage v. Allen, 54 N. Y. 458; Johnston Harvesting Co. v. Meinherdt, 9 Abb. N. C. 393; Keating v. Fitch, 14 Misc. Rep. 128, 35 N. Y. Supp. 641; Van Veghten v. Howland, 12 Abb. Prac. (N. S.) 461. The statute has given the plaintiff her remedy. This remedy is the statutory action for absolute divorce. The mere fact that the act complained of is in violation of law, or even that it is criminal or immoral, will not warrant an injunction. Anderson v. Doty, 33 Hun, 160; Village of Brockport v. Johnston, 13 Abb. N. C. 468; Village of New Rochelle v. Lang, 75 Hun, 608, 27 N. Y. Supp. 600. The extreme limit to which the courts have gone in granting injunctions in matrimonial actions has been to restrain the husband from disposing of his property where such disposal would result in depriving the wife of her support, or in restraining a divorced husband from interfering with the property rights of the wife. Vermilyea v. Vermilyea, 14 How. Prac. 470; Holmes v. Holmes, 4 Barb. 295; Kirby v. Kirby, 1 Paige, 261. The power of a court of equity to issue preliminary injunction is one that should be exercised with extreme caution, and only in very clear cases. The order will not be granted in doubtful cases, or in new ones not coming within well-established principles. Ramsey v. Erie R. R. Co., 38 How. Prac. 193; Woodward v. Harris, 2 Barb. 440.

Motion dismissed, without costs. Settle order on notice.