FRED BALLING et al., Suing on Behalf of Themselves and All Other Persons Similarly Situated, Respondents, *v.* HENRY CASABIANCA, Appellant, and H. CASABIANCA, INC., Respondent.

First Department, November 23, 1954.

*Morris Gottlieb* for appellant.

*Max E. Lynne* of counsel (*Edwin M. Slote,* attorney), for Fred Balling and others, respondents.

*Per Curiam.* The complaint in this derivative stockholders' action attempts to excuse the failure to make a demand upon the corporation to commence the action with an allegation that the individual defendant, solely charged with wrongdoing, " is the sole person in control of the said defendant corporation, and has usurped the powers and prerogatives to conduct the business and affairs of said defendant corporation * * * and that it would be futile to make such demand upon the defendant corporation, in that the defendant, Henry Casabianca, exercised control over said corporation, and is chargeable individually with the aforesaid acts of waste, neglect and breach of trust."

The only reference in the complaint to a board of directors is an allegation that the withdrawals and conversions by the individual defendant were made " without authorization of the Board of Directors ".

There is no allegation or intimation in the complaint that the directors were implicated in the wrongdoing. There is not even a suggestion that they were aware of it. There is no amplification or factual substantiation of the statement that the individual defendant is in control of the corporation and that demand upon the directors to institute the action would be futile. There is not even mention of the make-up of the board of directors or anything about their relation to the company or the individual defendant which could lead the court to conclude that they would not act properly upon proper notice or that a demand upon them would be a useless formality.

The complaint here does not approach complying with the requirements laid down in such cases as *O'Connor* v. *Virginia Passenger & Power Co.* (184 N. Y. 46) and *Marco* v. *Sachs* (295 N. Y. 642).

The order appealed from should be reversed and the complaint dismissed, with costs to appellant and leave to plaintiffs to replead.

PECK, P. J., DORE, COHN, CALLAHAN and BOTEIN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted, with leave to the plaintiffs to replead.