Matthew M. Levy, J.
In this action, brought by a corporation for reformation of a contract, the defendant Karper moves to set aside the service of the summons and complaint and to strike out the appearance of the attorneys for the plaintiff on the ground that the suit is unauthorized by the plaintiff and that the plaintiff never retained the attorneys to sue.
Considerable immaterial data were presented; numerous irrelevant filed papers were referred to. The sufficiency of the complaint is not before me; the basic merits of the controversy between the parties are not here involved. After study, it is quite clear that the present issue is a simple one.
The moving defendant is holder of 50% of the outstanding stock of the plaintiff corporation, and he and his wife are two of the four directors of the company. The moving defendant and his wife object to the litigation and state that no meetings of the board of directors have been held to authorize or ratify the institution of the suit. The plaintiff admits that the 50% interest in stock and that the 50% voting strength in directorships controlled by the moving defendant did not and would not approve of the litigation. But the plaintiff contends, through its vice-president and treasurer (the other two directors of the corporation), that they authorized the suit; that they retained counsel with the full knowledge, consent and approval of the other holder of one half of the capital stock; and that the board was not called upon to assent to the litigation because (since the composition of the board equally represents the two opposing factions) the suit would never be agreed to in any circumstances. It appears, too, that the moving defendant was at one time duly elected the president of the plaintiff corporation, but that he has since been allegedly ousted from his office by the other officers. Apparently, the office was not vacated by any action of the board of directors, nor has a successor been elected.
We are not here concerned with apparent or presumptive, as distinguished from actual, authority (cf. Sterling Industries v. Ball Bearing Pen Corp., 298 N. Y. 483, 490); but, even if we were (and, assuming no estoppel) the proof is overwhelming on this state of the record that the suit was not authorized by the proper officer or by the board of directors. While a vice-president may generally act in the event the office of president is vacant, the facts here indicate that the president was never duly removed from office by the board of directors. In these *709 circumstances the moving defendant still remains the president, and the vice-president (alone or with the treasurer) cannot authorize the present action — in the absence of proof of being empowered to do so. The mere fact that the holder of 50% of the stock consented to the action does not justify the suit in the name of the corporation, where (as here) the other 50% stockholder objects to it. And it is conceded by the plaintiff that the board of directors did not and would not authorize or ratify the action of the vice-president and the treasurer. A formal resolution of negation is not necessary in the circumstances present in the case at bar.
It is no answer that the plaintiff corporation would be hamstrung in the proper protection of its interests, even though it be true that the president would never authorize suit against himself, that his 50% representation on the board of directors would never approve such an action, and that his 50% stock control would never ratify it. The action here is brought in the name of the corporation — and it is the corporation which must agree to sue in its own name. When the corporation does not want to sue when it should, it may be sued. The active projectors of the present action are not without remedy, since they may sue (if so advised) in a representative capacity as stockholders.
The motion is granted. Order signed.