Charles J. Beckinella, J.
This is a motion by plaintiffs for the appointment of a temporary receiver of the defendant corporations, to enjoin and restrain the individual defendant from interfering with the assets or the conduct of the business of the defendant corporations and to direct the individual defendant to turn over all books, records, correspondence, and other documents of the defendant corporations to the receiver. The action is apparently brought under section 60 of the General Corporation Law which authorizes an action for the relief sought herein. The complaint seeks the same relief as the motion, but the sufficiency thereof is not passed upon at this time since it is not necessary to a disposition of this motion.
The affidavit in support of the order to show cause by the plaintiff Charles J. Leonard alleges that plaintiffs are husband and wife, that the defendant corporations are engaged in the business of renting and leasing trucks to commercial and business organizations, that the defendant R. N. G. Commercial Auto Renters, Inc. (hereinafter called the R. 1ST. G. Corporation) was incorporated in 1936 and the G. & N. Commercial Auto Service Corporation (hereinafter called the G. & N. Corporation) was incorporate!! in 1938. Both corporations have capital stock of $20,000 represented by 200 shares of $100 par value; that the R. N. G. Corporation issued 152 shares of its capital stock, 76 shares to the individual defendant and 76 shares to the plaintiff wife; that plaintiff wife transferred said shares to plaintiff husband on October 10, 1957. The G. & 1ST. Corporation was organized by the directors and stockholders of the R. 1ST. G. *660 Corporation, but no stock was ever issued by the latter corporation. The business of the E. N. G. Corporation is to rent out automotive trucks and the business of the G. & 1ST. Corporation is to furnish operators of such trucks.
The petition further alleges that plaintiff wife from 1954 to the present time was and is the secretary of both defendant corporations and the individual defendant Sofoul was president and treasurer thereof and operated and managed both corporations; that when petitioner became a stockholder in or about October, 1957 he requested that all checks be signed by two officers; that defendant Sofoul refused and has since that time crippled, restricted and interfered with the orderly functions of the corporate defendants and that plaintiff husband has had to advance his own funds to meet payrolls and other current obligations of the corporations.
Defendant Sofoul categorically denies the allegations of plaintiff’s affidavit, alleges that when plaintiff wife transferred the shares of stock to her husband she orally resigned as a director and officer of the corporations, that plaintiff husband has continually interfered with defendant Sofoul’s management of the business, caused accounts of the corporations of many years standing to be discontinued, caused the corporations’ bank accounts to be closed, and deposited the moneys in another bank, filing resolutions alleging that they were authorized to open such accounts by the directors of the corporations, which statement was false; that plaintiff husband has insisted that his personal accountant should keep the books of account of the corporations and has removed the corporate books and seal from the office of the corporations.
While this motion seeks relief in an action authorized under section 60 of the General Corporation Law, it does not apear that the Attorney-General has been given notice of the application, as required by section 162 of the General Corporation Law. Since the defendant Sofoul has raised the question of lack of jurisdiction by reason of plaintiffs’ failure to comply with said section, the motion might be disposed of upon that ground. However, I am of the opinion that this motion should be decided on its merits rather than on the question of the sufficiency of the complaint or of failure to comply with the General Corporation Law.
It appears from the papers in opposition to this motion that the defendant Sofoul has operated and conducted the business of the corporations since their organization in 1936 and 1938 and that neither of the plaintiffs has any knowledge or experience with respect to such businesses nor does it appear that *661 either plaintiff was actively engaged in said business. Plaintiff wife became a stockholder in August, 1954 and plaintiff husband became a stockholder through transfer of his wife’s shares to him in October, 1957. To grant an application to appoint a receiver in the instant case might result in the complete dissipation of the business and good will of the defendant corporations which defendant Sofoul has spent so many years in developing. The present situation has reached the point where the two stockholders cannot agree and defendant Sofoul has indicated that for that reason it is necessary that the corporations be dissolved and that he has instructed his attorney to commence dissolution proceedings.
For all of the foregoing reasons the motion is in all respects denied.
Settle order on notice.