J. Irwin Shapiro, J.
This is a motion for an order, pursuant to rule 106 of the Buies of Civil Practice, dismissing the complaint on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action.
The action is brought by the plaintiff “ suing for Himself as Stockholder, and All Other Stockholders of Dougfield, Inc., in like situation who shall choose to make themselves parties to this action.” Thus, this is a representative action brought by the plaintiff as a stockholder for the benefit of the defendant corporation.
The complaint alleges that Samuel Fields, the individual defendant, is a director and officer of the defendant corporation and that during the period between December, 1953 and November, 1958 he misappropriated assets of the defendant corporation. It is admitted in the complaint that no demand was made of the board of directors of the defendant corporation by the plaintiff to institute this action on behalf of the corporation against the defendant Samuel Fields. In explanation of such failure plaintiff, in paragraph “ 15 ” of his complaint alleges that no such demand was made “ for the reason that the said defendant samuel fields completely controlls the said board of directors and completely controlls and dominates the defendant dougfield, INC. so that it would be futile and unavailing to *915 demand that they cause an action to he brought against the defendant samuel fields.”
This is the only allegation in the entire complaint which makes any reference to the board of directors of the defendant corporation. There is no statement as to the number of members of the board, their relationship to the individual defendant, Samuel Fields, or, indeed, that they are even aware of the alleged misappropriations on his part. There is thus nothing in the complaint upon which this court can base a legal conclusion that a demand upon the members of the board of directors to institute an action against the defendant Samuel Fields, on behalf of the corporation, would be a useless formality. The statement in paragraph “15,” that “ the said defendant samuel fields completely controlls the said board of directors ” is a conclusion without any ultimate facts in the complaint to sustain it. Under the circumstances, the complaint is insufficient as a matter of law. (Balling v. Casabianca, 285 App. Div. 20.)
In order to dispense with a demand upon the board of directors of the corporation, the plaintiff must show by an allegation of ultimate facts that such demand would be futile or useless by reason of the complicity of the members of the board of directors in the default charged, or for some other sufficient reason. Such were the allegations of the complaints which were sustained in O’Connor v. Virginia Passenger & Power Co. (184 N. Y. 46) and Marco v. Sachs (295 N. Y. 642). It may be that the plaintiff can bring himself within the requirements of those cases since, in his memorandum of law, certain facts are set forth tending to show domination of the members of the board of directors by the individual defendant. These statements contained in a memorandum of law, however, may not be considered on thip motion which must be limited to a consideration of the four corners of the complaint itself.
Under the circumstances the motion to dismiss the complaint is granted with leave to the plaintiff, if so advised, to serve an amended complaint within the limitations above set forth.
Submit order.