J. Irwin Shapiro, J.
Motion by defendant Atcos Baths, Inc., for an order dismissing the complaint for insufficiency, or, in the alternative, for judgment on the pleadings. In either case, the allegations of the complaint must be assumed to be true.
Plaintiff alleges that she is a stockholder owning 30% of the outstanding capital stock of the corporate defendant. The individual defendants own the remaining 70%. The corporation was organized for the purpose of taking a leasehold on a bathing pavilion at Par Rockaway. The business, obviously seasonal in nature, was operated for a while at a profit when *1046 plaintiff’s husband was the managing director. It may be inferred that plaintiff’s husband no longer holds that position.
Plaintiff further alleges that the individual defendants have neglected the enterprise, that they have not diligently pursued claims belonging to the corporation, that they have not preserved its physical assets, that they ■ have not instituted any innovations to attract customers and that there have been no meetings of stockholders. All of the foregoing are generalities and conclusions which are insufficient to state a cause of action. (Gerdes v. Reynolds, 281 N. Y. 180, 183-184.)
Plaintiff further alleges that defendants have caused annual insurance premiums to increase from $6,599.02 to $9,367.49 and have caused the expense of operation generally to increase, although the increase in income has not been commensurate, that the corporate enterprise is without a managing director, that defendants have permitted the corporation to operate at a loss, that plaintiff and her husband obtained an offer from a third party to purchase the leasehold on terms that would produce $30,000 annually to the corporation for the term of the lease, and that defendants refused to discuss this offer. It is not alleged that this offer represented the fair value of the leasehold.
Plaintiff further alleges that defendants are continuing the corporate business for their personal profit. This, of course, is a conclusion.
Plaintiff alleges that she has not made a formal demand upon the individual defendants or the corporation to bring proceedings for a dissolution because that would be futile. It is not alleged directly that the individual defendants are the directors of the corporation, although that inference runs through the entire complaint. Neither is it alleged how many directors there are or whether the defendants are a majority of the board. For this, reason alone, the complaint is insufficient (Groen v. Schrier, 97 N. Y. S. 2d 650; Diamond v. Dougfield, Inc., 17 Misc 2d 914). Neither can plaintiff demand a dissolution of the corporation because she is dissatisfied with the way in which it is run (Gross v. Price, 286 App. Div. 1031).
Plaintiff further alleges, however, that the individual defendants have ‘6 padded the payroll ’ ’ with relatives and friends who render no service to the corporation, that defendant Williamson is paid a salary by the corporation without rendering any services therefor and that the defendants Amron and Bendes have had their salaries doubled without their rendering any additional services.
*1047 In respect to this last allegation, it is not alleged what their salaries were before they were doubled or that they are not worth all that they now receive. The allegation that defendant Williamson and some of defendants’ friends and relatives are receiving salaries without rendering any service to the corporation is an allegation of waste and while it will not support an action for dissolution, it may support a derivative stockholder’s action, if the other defects of this complaint be corrected.
Accordingly, the motion to dismiss for insufficiency is granted with leave to the plaintiff to serve an amended complaint within 20 days after service of a copy of the order hereon.
Submit order.