Matthew M. Levy, J.
The sole question here is the authority of the plaintiff corporation’s president to institute the action in the company’s name and in its behalf. Both the motion and the cross motion raise that single issue.
The certificate of incorporation appears to be silent on the question, directly and indirectly. The only pertinent provisions of the by-laws of the corporation are:
‘ ‘ 15. The business of this corporation shall be managed by its board of directors which may exercise all such powers of the corporation and do all such lawful acts and things as are not by statute or by the certificate of incorporation or by these by-laws required to be exercised or done by the stockholders. * * *
“ 29. The president shall be the executive officer of the corporation ; he shall preside at all meetings of the stockholders and directors; he shall have the management of the business of the corporation and shall see that all orders and resolutions of the board are carried into effect.”
As I read these clauses I see no direct prohibition in them. The majority of the stockholders support the suit and the directors are evenly divided. But the question of the bringing and maintenance of this action or of the president’s authority to do so has never been submitted to or passed upon at any meeting of the board of directors or of the stockholders.
In the circumstances, holding, as I do, that the president has presumptive authority in the discharge of his duties to prosecute suits in the name of the corporation, and there being no formal interdiction (cf. Kardwheel Corp. v. Karper, 1 Misc 2d 707), this action is found to be properly brought and maintained by the plaintiff corporation. (West View Hills v. Lizau Realty Corp., 6 N Y 2d 344; Matter of Paloma Frocks [Shamokin Sportswear Corp.], 3 N Y 2d 572; Rothman & Schneider v. Beckerman, 2 N Y 2d 493.) The case of Sterling Ind. v. Ball Bearing Pen Corp. (298 N. Y. 483) relied upon by the defendants, is clearly distinguishable, for there the president had asked the board for authority and the court treated the tie vote as a refusal which terminated the authority of the president.
The fact that the president in the instant case knew that two of the four directors opposed this action and deliberately failed to call a meeting to pass upon the question does not *573 preclude him from instituting the suit (West View Hills v. Lizau Realty Corp., 6 N Y 2d 344, 349, supra; Matter of Paloma Frocks [Shamokin Sportswear Corp.], 3 N Y 2d 572, 575, supra).
Accordingly, the motion of the applicant defendants for an order setting aside the service of the summons and complaint upon them, striking the appearance of the named law firm as attorneys for the plaintiff corporation, and enjoining them from continuing or prosecuting the action as attorneys for the plaintiff corporation is denied. The cross motion of the plaintiffs for an order striking the first affirmative defense alleged in the answer on the ground of insufficiency in law is granted. Settle order.