Vincent A. Lupiano, J.
Motions numbered 80, 81, 82, 125 and 126 of this date are consolidated and are decided together.
In this action plaintiff alleges that she is the owner of common stock and that she brings this action “ derivatively in the right and for the benefit of Schenley
The complaint alleges six causes of action against the defendants, all but one of whom are directors of the corporation; some are officers as well. Sundstrom, the one individual defendant who is not a director, is a vice-president of the corporation.
The first cause of action is against 16 of the 25 directors and charges them with gross mismanagement with respect to allegedly excessive employment agreements entered into with defendant Rosenstiel, president of the corporation and chairman of the board. The second cause of action is against another group of 16 directors, alleging a plan or conspiracy with defendant Rosenstiel to enter into an unreasonable and excessive supplementary and amendatory agreement. The third cause of action is against a group of 23 directors, alleging unauthorized granting of an option to purchase a certain amount of shares of the corporation to defendant Rosenstiel and misconduct by Rosenstiel in exercising the same. The fourth cause of action is against the entire board, alleging excessive payments to defendants Kiefer and Nauheim for “ special services ”. The fifth cause of action is against a group of 16 directors and alleges unauthorized options to purchase shares granted to defendants Mackie and Nauheim and their misconduct in exercising the same. The sixth and final cause of action is against 17 of the directors and defendant Sundstrom, alleging an unreasonable and excessive employment and stock purchase option arrangement with him. Accordingly, plaintiff seeks generally to hold the defendants liable for damages to the corporation and to nullify the afore-mentioned agreements, arrangements and plans and to enjoin further payments thereunder.
Defendant Rosenstiel by three separate motions seeks tc have the complaint dismissed on the ground of legal insufficiency, or to strike as irrelevant certain portions from the complaint and to make other portions more definite and certain.
*969 Defendant "Wiehe has also moved to dismiss the complaint for legal insufficiency and the first, fourth and part of the third causes as being barred by the Statute of Limitations. A similar motion is separately made by defendants Blakeley, Heymsfeld, Lockwood, Gonuni, Ilirsch, Nichols and Frank.
With respect to the claim of legal insufficiency of the complaint, it is urged that the basic rule of pleading in stockholders’ suits has not been complied with in that the complaint is founded on conclusory statements and general allegations of misconduct, without statements of those facts upon which such conclusions are based (see Lifshutz v. Adams, 285 N. Y. 180; Kalmanash v. Smith, 291 N. Y. 142).
However, while it is true that plaintiff herein has employed such conclusory adjectives as “ unreasonable ”, “ exhorbitant ”, “ wasteful ”, “ultra Adres”, “illegal” and the like, Avhich, standing alone, do not take place of the required assertion of facts, careful scrutiny of each of the causes of action alleged reveals allegations of fact to sustain the sufficiency of the complaint. In each, full details of the employment agreement or other transactions involved are set forth in specific detail. Dates are given, figures stated, individuals named. These evidentiary facts sufficiently set forth the basis for plaintiff’s claim. Plaintiff is not required to set forth the evidence she would be required to produce at the trial (see Price v. Standard Oil Co., 55 N. Y. S. 2d 890).
The contention that plaintiff has failed to state the extent of her holdings in the corporation is immaterial (see Everett v. Philips, 288 N. Y. 227), so long as she alleges that she Avas a stockholder at the time of the Avrongs complained of, Avhich she has done (Perry v. Shahmoon Ind., 11 Misc 2d 137, affd. 6 A D 2d 1010). Should defendants believe they are entitled to security for expenses because plaintiff’s holdings are below the statutory minimum, a proper application therefor may be made at any stage of the proceedings (General Corporation Law, § 61-b).
It is also asserted that each of the alleged causes of action is insufficient under the so-called ‘ ‘ business judgment rule ’ ’. Under this doctrine, judicial process may not be “invoked to challenge the judgment of directors except when fraud is alleged or conduct so oppressive as to be its equivalent, and facts are pleaded which afford a basis for such allegations ” (Kalmanash v. Smith, supra, p. 155; see, also, Hastings v. Tousey, 121 App. Div. 815). HoAvever, on proper allegations as are found here, a stockholder may not be estopped from questioning, through judicial proceedings, the legality of salaries paid to officers and *970 directors - (Carr v. Kimball, 153 App. Div. 825, affd. 215 N. Y. 634; Mann v. Luke, 272 App. Div. 19; Walsh v. Van Ameringen-Haebler, 257 N. Y. 478).
Defendant Rosenstiel relies on Abrams v. Allen (36 N. Y. S. 2d 170, affd. 266 App. Div. 835) for the proposition that, as to the options to purchase stock, the failure to allege that the market price of the stock on the date of the grant of the option was higher than the offered price was defective. The complaint does allege the option price and the market price as of the date of exercise of the option when such exercise took place. Proper scrutiny of the case defendant relies on, however, indicates no requirement as defendant reads in the ease. What must be shown, obviously, is whether or not the corporation receives the full value of the stock, either in cash or services, at the time the option is exercised (Abrams v. Allen, supra, p. 173; Leech v. Fuller, 173 Misc. 543, affd. 259 App. Div. 816). The market value at the time of the grant is immaterial. As for the unexercised options alleged in the second cause of action, there is, obviously, no possible waste, and, therefore, nothing actionable, However, since relevant facts by way of background tending to show the existence of a wrong are permissible in such pleadings, the allegations will be allowed to stand (see Austin v. Gardiner, 188 Misc. 538).
Defendant’s assertion that the failure to name the corporation as defendant in any of the separate causes of action is fatal, is without merit. While it is true that the corporation is a necessary defendant, its role is nominal, and in actuality it is the plaintiff (Greaves v. Gouge, 69 N. Y. 154). Plaintiff has made the corporation a defendant and is ■ asserting claims in its behalf. Whatever judgment results from this action, the corporation would thus be bound thereby (Carruthers v. Wait Mining Co., 306 N. Y. 136). But, it would defy logic and reason to require that in asserting claims on behalf of the corporation, the same claims be simultaneously asserted against it.
Defendant Rosenstiel further claims that the complaint should be dismissed for plaintiff’s failure to allege the capacity in which she sues. Plaintiff’s allegation No. 2 states that “Plaintiff brings this action derivatively in the right and for the benefit of Schenley ”. It is thus clear that she is seeking no redress individually, or in a representative capacity, but for the corporation. Since purported waste and mismanagement of corporate assets must be redressed by means of a suit by or on behalf of the corporation only (Niles v. New York Cent, & Hudson Riv. R. R. Co., 176 N. Y. 119; Isaac v. Marcus, 258 N. Y. 257; Selman v. Allen, 121 N. Y. S. 2d 142), plaintiff’s capacity in this *971 action is properly set forth and, contrary to defendants’ contentions, fully apprises all parties of her position herein. It is only when it is not clear whether a suit is brought individually or derivatively that corrective action may be taken.
In action such as the one at bar, the complaint must allege a demand upon or a refusal by the directors to institute action, or facts sufficient to make it appear that such demand would be futile (Greaves v. Gouge, 69 N. Y. 154, supra). Plaintiff has alleged herein that some of the members of the board were appointed by, and all are dominated and controlled by defendant Eosenstiel, and that a substantial majority of the board has participated in the wrongs alleged. Defendant Eosenstiel asserts that this is insufficient. While an allegation that a demand would be futile because the entire board is constituted of appointees of one individual and is subservient to him is, standing alone, insufficient, the additional allegations that the remainder of the defendants participated in the wrongs alleged sufficiently satisfies the demand requirements (Balling v. Casabianca, 285 App. Div. 20; Marco v. Sachs, 295 N. Y. 642).
It is further asserted that the second and third causes of action are insufficient as conspiracy claims. It may be conceded that, just as general allegations of wrongdoing, unsupported by factual allegations, in actions such as the one at bar, do not constitute a good cause of action, so, too, are general allegations of a specific wrong such as conspiracy, standing alone, fatal to a cause of action (Lifshutz, v. Adams, 285 N. Y. 180, supra). However, when such allegations are supported by proper factual allegations, a proper cause of action is alleged (cf. Rosenfield v. Standard Elec. Equip. Corp., 276 App. Div. 949).
Defendant Eosenstiel’s additional contention, that the incorporation by reference in the third cause of action to allegations in the second was an improper commingling of causes of action, seems to be without merit. It appears that the wrong alleged in the third cause of action arises from the same transaction on which the second cause of action is based. The reallegations are therefore material and proper.
Some of the other defendants herein have moved as to the first, part of the third, and part of the fourth causes of action, on the ground that the three-year Statute of Limitations as to waste is applicable here. This is generally true in a derivative action which does not involve personal'profit, but merely complains of wasteful mismanagement (Civ. Prac. Act, § 48, subd. 8, § 49, subd. 7). In other words, a derivative action against a director of a corporation 1 ‘ must be commenced within three years after the accrual of a claim for waste * * * and *972 within six years after accrual of a claim for an accounting of wrongful profits ” (Steinberg v. Altschuler, 158 N. Y. S. 2d 411, 415; see, also, Gottfried v. Gottfried, 269 App. Div. 413). The first cause of action and part of the third refer to a transaction going back to August, 1955, and part of the transactions referred to in the fourth also go beyond three years. However, as to defendant Bosenstiel in the first and third causes of action, and defendants Kiefer and Nauheim in the fourth, it appears that the six-year statute is applicable, since as recipients of the allegedly wrongful payments they may have to be called to account. The motions, insofar as they seek dismissal under the Statute of Limitations, are accordingly granted, as to those defendants against whom the claims are barred by the applicable statutes and no recovery may be had therefor.
This ruling, however, does not require that all allegations as to prior events shall be stricken. These may still remain as historical background for the permitted claims (Clayton v. Farish, 191 Misc. 136, 160).
The motions on behalf of defendant Bosenstiel to make more definite and certain and to dismiss as irrelevant, redundant, etc., various portions of the complaint, are denied. Many of the points raised thereunder were raised in his motion testing the sufficiency of the complaint and have already been disposed of herein. The remaining points are without merit, or, in effect, request certain information which can be obtained in a bill of particulars or through other appropriate pretrial remedies. Motion is disposed of as herein ' indicated. Settle order accordingly.