ILSE MODES INC., Plaintiff, *v.* ILSA ORIGINALS LTD. et al.,
Defendants.

Supreme Court, Special Term, New York County, April 4, 1962.

*Meadow, Morton & Meadow (Louis J. Morton* of counsel),
for plaintiff. *Solomon Z. Ferziger* and *David D. Wach* for
Bernard Lieberman and another, defendants.

MATTHEW M. LEVY, J. The plaintiff is a corporation whose
name is Ilse Modes Inc. It is engaged in the business of the
manufacture of dresses. The president of the plaintiff is Elsie
Gorin, whose vocation is that of a dress style designer, and
whose first name obviously provided the impulse for the
selection of the plaintiff's corporate title.

Mrs. Gorin, her husband and the defendants Lieberman and
Rawitz are the sole stockholders of the plaintiff and its four
directors. Lieberman is the vice-president; Rawitz, the treas-
urer. The latter two own two thirds of the corporate stock.
Mrs. Gorin is the owner of the remaining one third. Gorin is
the secretary. He is also a creditor of the corporation. The
stockholders' agreement and the amended corporate certificate
of the plaintiff require the unanimous vote of all of the directors
and of all of the stockholders for the transaction of the corporate

business at meetings of the respective bodies. The active participants in the business are Gorin, Lieberman and Rawitz.

The plaintiff conducts its business in premises on the 11th floor of 1385 Broadway, New York City. During an extended illness which afflicted Gorin, Lieberman and Rawitz in effect, came to the conclusion to liquidate the plaintiff's business and to establish a business on their own or in association with others. They leased loft space on the eighth floor of the same building, 1385 Broadway, New York City, and undertook to exploit their new business under the name of the other defendant "Ilsa Originals Ltd." The sign on their premises emphasized "Ilsa" and the plaintiff's customers were solicited under the name of "Ilsa Originals Ltd." Mail and merchandise intended for the plaintiff were delivered to and accepted by the defendants. The plaintiff's sales have been so substantially affected and its gross income was so reduced that the plaintiff is on the verge of insolvency and abandonment of its business.

In this suit for an injunction, the plaintiff has moved before me *pendente lite* to restrain the defendants from entering into competition with the plaintiff, from soliciting the plaintiff's customers, from using the name Ilsa Originals Ltd., from purchasing merchandise under that name, from offering merchandise for sale under that name, and for other related relief.

The defendants contest the application upon several grounds. They will be considered seriatim.

Firstly, the defendants argue that a temporary injunction is unavailable to the plaintiff for the reason that such relief is not specifically prayed for in the complaint, and in consequence cannot be granted. The defendants cite as authority for their contention the cases of *Ellis* v. *Ellis* (55 Misc. 34) and *Olssen* v. *Smith* (7 How. Prac. 481).

The *Ellis* case was an action for separation. Plaintiff there served a notice of motion for an injunction to enjoin defendant from living with another woman during plaintiff's life. The court held that there were no allegations in the complaint or moving papers which entitled plaintiff to a temporary injunction. Further, the court held that, to entitle plaintiff to a temporary injunction, it must be shown that the application came within the provisions of section 603 or section 604 of the then Code of Civil Procedure (now, respectively, Civ. Prac. Act, §§ 877 and 878). Section 877 provides for an injunction where the right thereto depends upon the nature of the action. Section 878 provides for an injunction when the right thereto depends on extrinsic facts. "In other words", said the court (p. 35), "where an injunction is sought under this section [603, now

877] it must be prayed for as part of the relief demanded in the complaint." The quoted phrase is dictum; the court decided the issue on the ground that the separation action was not one under either sections 603 or 604 of the Code.

In the other case, *Olssen* v. *Smith* (*supra*), which was cited in *Ellis*, the court denied the injunction because the facts upon which temporary restraint was sought were predicated on threatened acts in existence before the institution of the suit, acts which should have been charged in the complaint, and on the basis of which an injunction should have been demanded in the complaint.

In response to the defendants' argument, the plaintiff presents the fact that the order to show cause seeking the restraint *pendente lite* was served upon the defendants with and at the same time that the summons and complaint were served upon them, and that therefore the omission in the complaint is immaterial. I do not desire to rest my determination of this issue on this circumstance, although I do not disagree with the plaintiff's contention. Rather, I shall seek to resolve the matter on the basis of general principle.

Whatever may have been the views of the courts as expressed in these early cases, it is doubtful that it is the rule today that, when a temporary injunction is sought, it must be asked for as part of the relief demanded in the complaint. In my opinion, courts are empowered to grant such relief even though it is not specifically demanded in the complaint (2 Bender's New York Practice, 1961 Cum. Supp., p. 485).

*Garvin* v. *Garvin* (302 N. Y. 96) is of significance here. That was an action for separation. An injunction — either temporary or permanent — was not asked for in the complaint. Five months after issue was joined, the plaintiff wife moved to restrain her husband from maintaining a divorce suit in the Virgin Islands. Defendant argued that if the motion for injunctive relief were really a valid part of the separation action as pleaded in the complaint, service of the summons would, on a proper factual showing, give the court jurisdiction to issue an injunction, but in her application for an injunction in *Garvin*, urged defendant, plaintiff sought relief which was not pleaded in the complaint or incidental to the issues in the separation action and therefore not within the competence of the court to grant. The Court of Appeals, in a landmark decision, affirmed the order granting the temporary injunction.

Further, as I have pointed out, section 878 of the Civil Practice Act provides for injunctive relief in any action where the right thereto depends on extrinsic facts. In such a situation,

there would not normally be included in the "Wherefore" clause of the complaint a demand for an injunction. There is no reason in justice or logic why a demand for temporary injunctive relief should be required as a part of the complaint in an action under section 877, when, as has been seen, it is not required to be prayed for in an action under section 878. Since, in an action for an injunction, the plaintiff does ask in his complaint that the defendant be "perpetually" or "forever" restrained, it seems to me that this prayer for a permanent injunction includes not only post-trial continued relief *in futuro,* but a pretrial injunction commencing with the application therefor at the time or after the institution of suit. The greater includes the lesser.

The second point raised by the defendants is that the plaintiff has not been authorized by its directors to institute suit. There is no proof or claim before me that there has been a meeting of the directors at which it was resolved that the president shall not institute or prosecute this action. In the circumstances, it is appropriate to rely upon the normal and presumed function of the president of a corporation to protect its name, good will, business and assets (*Berma Management Corp.* v. *140 W. 42nd St. Realty,* 21 Misc 2d 571, 572–573). This contention, too, is therefore overruled.

The third point made by the defendants is that the plaintiff is no longer conducting business and that, as a consequence, it now has no interests which are entitled to judicial protection by way of the extraordinary remedy of an injunction *pendente lite.* The state of the plaintiff's business affairs does seem parlous, but that the plaintiff is out of business is denied by the Gorins. In any event, this defense reminds me of the defendant who, having been convicted of willful murder of his parents, pleads for mercy upon the ground that he is an orphan.

Finally, the defendants urge that "Ilsa Originals Ltd." was never incorporated, and that the name is not now used by the individual defendants. Thus, it is said, is the tell-tale taint obliterated. If I were assured that Lieberman and Rawitz would no longer, directly or indirectly, use the plaintiff's name, I might invoke the general rule that equity would not, in such circumstances, intervene to do an unnecessary thing (*People* v. *Stone,* 24 Misc 2d 884, 886). But the defendants' conduct — unrepentant as they appear to me to be — does not warrant my assuming that any such assurance would be forthcoming, or, if given, that it could, without a judicial directive, be relied upon. Not so lightly, as Lady Macbeth learned, can one gain absolution by crying "Out, damned spot!" (Shakespeare, "Macbeth",

Act V, Scene I, line 38; see *Matter of Rayco Mfg. Co. v. Layco Auto Seat Cover Center,* 205 Misc. 827).

The motion for a temporary injunction is therefore granted to the extent of restraining the defendants: From using the name of "Ilsa Originals Ltd.", or any other trade, partnership or corporate name including "Elsie", "Ilse", "Ilsa" or any similar wording; from purchasing or attempting to purchase goods, wares and merchandise under such name; from exposing to the public any and all signs and cards and from advertising or offering any written or printed matter containing such name; and from selling or offering for sale any goods, wares and merchandise under such name.

However, insofar as the plaintiff seeks to restrain the individual defendants from in any manner entering into competition with the plaintiff and from soliciting the plaintiff's customers (in their own names or in any name other than the forbidden one) the application is denied. While it is of course axiomatic that, as officers and directors of the plaintiff corporation, the defendants Lieberman and Rawitz are in a fiduciary relationship to the plaintiff and its remaining officers, directors and stockholders (see 19 C. J. S., Corporations, § 761 pp. 103–109), this phase of the application must be disposed of upon the presently controlling factor that the persons who actively conducted the business of the plaintiff corporation decided, with the consent of all, to sever relations and to seek employment elsewhere. (*Commonwealth Sanitation Co. of N. Y. v. Fox,* 107 N. Y. S. 2d 935, 938). It is not disputed that they have done so, and there is no proof before me of any restrictive covenant or agreement of noncompetition made by either Lieberman or Rawitz.

If desired by any of the parties, the order may provide for an early trial, waiving filing of a certificate of readiness; and if, at that time, issue is not joined, the substantive allegations of the complaint will be deemed denied. Suggestions as to the amount of the undertaking to be filed by the plaintiff may be received in writing on the return date of the settlement of the order.