Jacob Markowitz, J.
This is a motion for the appointment of a receiver of the plaintiff corporation and for an order enjoining defendants from taking further actions on behalf of that corporation. Plaintiff is the corporation about whose affairs this controversy resolves. The suit was instituted by Martin Gottlieb, one of the three promoters of the corporation, on behalf of the corporation, and the defendants are the other two promoters. Plaintiff claims the relief requested is necessary for there has been no action taken to elect directors or officers of the corporation, or to issue its stock, since the “ dummy ” incorporators and subscribers signed the incorporation certificate. Despite this inaction, it is asserted, defendant Putter, acting in concert with his codefendant Biallcin, has signed contracts on behalf of the corporation for the construction of buildings on certain land owned by the corporation involving an expenditure of over one million dollars and is about to bind the corporation to a substantial mortgage to finance this construction. The complaint alleges further that the corporation is undercapitalized and that the actions taken and projected actions contemplated, if implemented, would place the corporation in serious danger of bankruptcy. Further, it is alleged that the proposed actions of the defendants are aimed at forcing out Gottlieb from further participation in the corporation’s business. However, the complaint also alleges that the three promoters have acted as de facto officers and directors and agreed among themselves as to their respective offices within the corporation; that a bank account has been opened in the corporate name, and contracts entered into on behalf of the corporation. Defendants contend that the failure to regularize the corpora *131 tion’s affairs internally is, at most, a technical or a formal omission. They assert that Gottlieb, as well as the codefendants, have, by their past actions, acted as de facto officers and directors over a period of three years prior to institution of this action. In support thereof they point to an exhibit attached to plaintiff’s moving papers containing a statement by Gottlieb that he is “ a stockholder, director and * * * Secretary ’ ’ of plaintiff. Defendants also assert that an organizational meeting of the corporation was held and the essence of the action therein taken reduced to an agreement, which was signed by Gottlieb. While this agreement is not drawn in the form of corporate minutes, it does contain a designation of the corporate officers, of a depository for the corporate funds, of the signatories of corporate checks, of the real property acquired by the corporation, and of the respective stock interests of the three promoters in the corporation. It further appears that the corporation, by its attorneys, successfully prosecuted an application for a variance pertaining to one of its properties through the Board of Standards and Appeals and this court; and that the application therefor was executed and acknowledged by Gottlieb, as secretary of the corporation; and that all three promoters appeared in support of the application at the hearing before the board.
While the defendants’ contentions, above noted, might raise a clear case of estoppel as against Gottlieb to prosecute the instant action, a barrier is apparently raised to a decision based on this ground due to the fact that plaintiff is the corporation and not Gottlieb. It is clear that no authority was given Gottlieb to institute this action on behalf of the corporation by the promoters who constitute, at least, the de facto officers and directors of the corporation. Accordingly, it appears clear that this action cannot be prosecuted by Gottlieb as an officer of the corporation (Kardwheel Corp. v. Karper, 1 Misc 2d 707; Tidy-House Corp. v. Adlman, 4 A D 2d 619). Nor can he prosecute it as a “ promoter ” of the corporation for, in fact, the record clearly indicates that, at least, de facto officers and directors exist (Lamming v. Galusha, 81 Hun 247, affd. 151 N. Y., 648). In any event, it appears that as all of the officers and directors herein concerned would be individually estopped from bringing this action, the suit may not be maintained though the corporation is the nominal plaintiff (Diamond v. Diamond, 307 N. Y. 263; Capital Wine & Spirit Corp. v. Pokrass, 277 App. Div. 184, 187, affd. 302 N. Y. 734 and cases therein cited). In addition, plaintiff’s request for a temporary receiver would have to be denied due to lack of proper notice to the Attorney-General *132 (Business Corporation Law, § 1203, subd. [a]; Leonard v. Soufoul, 13 Misc 2d 659); and a failure of proof that the defendants’ actions were not influenced by a desire to serve the true interests of the corporation (Gamble v. Queens County Water Co., 123 N. Y. 91, 99; Juviler v. Unitronics Corp., 8 Misc 2d 1033). A suit .such as this is not the proper remedy for a minority stockholder dissatisfied with the corporation’s business decisions (Lewis v. Matthews, 161 App. Div. 107, 112-113).
Accordingly, the plaintiff’s motion is denied, and the defendants’ cross motion to dismiss the complaint granted.