William T. O ’Connell, J.
Defendants move to dismiss under
CPLR 3211 on the ground that this action is not authorized by plaintiff. The complaint seeks to recover specific moneys had and received by one defendant for the benefit of plaintiff and then wrongfully deposited in the account of the other defendant. On its face such a cause of action is within the jurisdiction of this court (La Forge v. Cornell, 127 N. Y. S. 453; John Berg, Inc. v. Associated Spinners, 201 Misc. 627; cf. Kane v. Auto Laks Mfg. Co., 172 N. Y. S. 275).
However, it appears that plaintiff is a closed corporation having two equal stockholders who are its two directors. In *179 November, 1966 it was duly agreed that the business terminate and that Myra Schillinger, secretary of plaintiff corporation, be in charge of the liquidation which is apparently still in process. It further appears that said Myra Schillinger, the individual defendant herein, is also sole proprietor of the corporate defendant. It is charged that accounts receivable due to plaintiff in the amount of $6,031 have been paid to the name of defendant corporation and deposited in such defendant’s account. Carson Albert, president and equal stockholder of plaintiff, objects to the procedure and brings this action in the name of plaintiff corporation.
The business of a corporation is managed by its board of directors (Business Corporation Law, § 701). Where the board refuses its sanction, a suit initiated by the president against his coequal director cannot be maintained (Sterling Inds. v. Ball Bearing Pen Corp., 298 N. Y. 483; Matter of Paloma Frocks, 1 AD 2d 640; Kardwheel Corp. v. Karper, 1 Misc 2d 707). If the controversy is obvious, a formal request for approval of suit by the board of a closely held corporation may be deemed a vain gesture (Ripley v. International Rys., 8 A D 2d 62; Syracuse Tel. v. Channel 9, 52 Misc 2d 246; Tidy-House Corp. v. Adlman, 4 A D 2d 619). But in no event should an agreed purpose of equal control be frustrated (P. B. G. Realty v. Putter, 41 Misc 2d 129).
The case of Rothman & Schneider v. Beckerman (2 N Y 2d 493) is to be distinguished in that the defendants there were all ‘ ‘ strangers ’ ’ to the corporation and in that the action on behalf of plaintiff was initiated by the one officer to whom active practical management of corporate affairs during dissolution had been delegated.
Accordingly, defendant’s motion to dismiss the complaint on the ground that the corporate plaintiff did not authorize the institution and prosecution of this action, is granted (CPLR 3211, subd. [a]). This determination is without prejudice to institution of an appropriate representative stockholder’s action (in a proper forum) in which “ plaintiff ” corporation will be joined as a necessary party defendant (Security Trust Co. v. Pritchard, 201 App. Div. 142; Abramson v. Blakeley, 25 Misc 2d 967; Business Corporation Law, §§ 626 and 720).