OPINION OF THE COURT
Louis B. York, J.
In mid-October of 1986, claimant found 54 tokens when he replaced his summer clothing with his fall wardrobe. These tokens had cost him 90 cents each and were obsolete as the defendant Transit Authority had replaced them with the current $1 token. The claimant contacted the defendant several times, offering to exchange an old token plus 10 cents for each new one. After being refused, claimant brought this small claims action seeking to recover the monetary value of his unexchanged tokens. Since the commencement of this suit, claimant has found several more obsolete tokens and seeks additional recovery for their value.
Defendant Transit Authority now moves to dismiss or for summary judgment, contending that claimant has no enforceable contract right and, therefore, no cause of action upon which relief can be granted. In addition, defendant argues *920 that even if there was a valid contract between the parties, the redemption period to exchange obsolete tokens has expired prior to claimant’s offer of exchange, foreclosing any rights claimant might have had under a contract theory.
Defendant is correct when it states that the possession of an obsolete subway token will not entitle the claimant to passage on the subway (D’Angelo v Triborough Bridge & Tunnel Auth,., 106 AD2d 128 [1st Dept 1985]). However, there is nothing in the record to indicate claimant sought this relief. On the contrary, claimant’s prelawsuit offer was to exchange each of his obsolete tokens along with 10 cents for a new token. His claim here seeks reimbursement for the value of the tokens. Defendant refuses to redeem. We thus appear to be confronted with a case of first impression, the issue being whether a holder of obsolete tokens has a right to recover the money paid for them after a declared period of redemption has expired.
I find that claimant’s remedy is restitution, a form of relief within this court’s limited jurisdiction. (Schillinger & Albert v Myral Hats, 55 Misc 2d 178 [Civ Ct, NY County 1967]; Fiona Press v Hewig & Marvic, 122 Misc 2d 680 [Civ Ct, NY County 1984].) Defendant accepted claimant’s money for tokens in return for passage on the subway. Restitution is available when one party has been enriched at the expense of another. In such situations the law creates a quasi contractual relationship. "It is an obligation which the law creates, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain it (Miller v Schloss, 218 NY 400, 407 [1916]). Claimant’s predicament falls squarely within the parameters of this Court of Appeals holding. Plaintiff’s money has been placed in defendant’s hands. Have defendants advanced any viable theory which permits them to retain it? The court thinks not.
The defendant Transit Authority is a creature of statute. Pursuant to Public Authorities Law § 1205, power is conferred on it to fix or adjust the fare. However, nothing in the statute confers on it the power to fix a period of limitations to redeem claims such as the claimant possesses in the instant case. This administrative agency has only those powers conferred on it by statute and the implied powers necessary to carry out these functions (2 NY Jur 2d, Administrative Law, §24). Such *921 powers do not include the ability to shorten the periods of limitation contained in CPLR article 2.
The notion that this is a "government of laws and not of men” (or public authorities) is still to be heeded. The Legislature, and not individuals (even those clothed with the imprimatur of a public authority) is the only appropriate entity to pass laws limiting the time to collect legally enforceable debts. The fact that the Transit Authority has created a redemption period for obsolete tokens unlawfully usurps a legislative function.
The Transit Authority’s argument that a definite redemption period is necessary for administrative and financial convenience is entitled to very short shrift. Unjust enrichment also occurs when a defendant is saved from an expense or loss. (3105 Grand Corp. v City of New York, 288 NY 178 [1942].) The Transit Authority cannot base its financial security on the retention of moneys paid for tokens rendered obsolete by increased fares.
The Transit Authority’s claims are without merit and its motion is denied. However, CPLR 3212 (b) admonishes the court not to limit itself to the relief sought and to search the record. I do so and grant the claimant summary judgment on the issue of liability and set this matter down for an assessment of damages to determine the exact amount of restitution that shall be awarded to the claimant.