Matthew M. Levy, J.
In 1954, the Legislature enacted a new article (10-A) as a part of the Social Welfare Law, entitled “ Solicitation and Collection of Funds for Charitable Purposes.” This is an action pursuant to section 482-i thereof, instituted by the Attorney-General of the State of New York, to enjoin the defendant from soliciting donations or contributions for charitable purposes. The defendant is a professional public fund raiser and has been engaged by the Police Benevolent Association of the New York State Police to solicit contributions for it. Before me for disposition now is a motion by the plaintiff for an injunction pending trial.
The Attorney-General accuses the defendant of falsely identifying himself and his employees as police officers when soliciting funds and of committing other frauds in that regard, and alleges that only a small fraction of the money donated by the public was available for the welfare purposes of the Police Benevolent Association.
The present application is based on the affidavit and petition of an Assistant Attorney-General who does not have personal *885 knowledge of the facts, and there are no supporting affidavits to substantiate the allegations made therein. The defendant vigorously denies all of the accusations made against him, except the one that the organization for which he has been soliciting was charged 45% of the amount received from public contributions for the services of and expenses incurred by the defendant and his staff as solicitors, and that he did not inform the contributors of this agreed-upon division.*
The defendant is correct in his contention that the uncorroborated assertions and conclusory statements contained in the moving papers — particularly when they are factually denied in the opposing affidavit — do not warrant the issuance of an injunction pendente lite. It is a recognized rule of procedure that the supporting affidavit must be evidentiary and show a clear right to the temporary and ultimate relief sought in the action (Tripp, Guide to Motion Practice [rev. ed.], § 121, p. 326, properly emphasizes the “ must Carmody’s New York Practice [Forkosch, 7th ed.], § 733, p. 755). The fact that the State of New York is the plaintiff and the Attorney-General its counsel does not change this rule.
However, that is not all there is to this case. I need not expand upon the universal knowledge that the giving of charity has been enjoined upon us since biblical days, and perhaps before, and that, nevertheless, not all of us yet appreciate that one of life’s three cardinal virtues is charity (I Corinthians 13:13). I know full well, therefore, that fund raisers and solicitors are often helpful and now and then necessary to prick some of us into not ignoring or neglecting our responsibilities to those who are not as fortunate as are we. Indeed, “ [h]e who prevails upon others to give tzedákáh [charity] * * * his reward is greater than the reward of the donor himself” (Horowitz, The Spirit of Jewish Law, p. 145, § 85). And in this busy and complex society of ours, I fully recognize the need at times for' professional fund raisers to be engaged to conduct philanthropic drives, and that these solicitors are entitled to and should receive adequate compensation for their labors. But, in my view, philanthropy should be as free as possible from the hard and sometime avaricious bargains of the market place. The money-changers are not entitled to invade and control the temple of charity. It is, therefore, my opinion that — absent special circumstances to justify it — the charge *886 made by the defendant, of 45 cents for every dollar collected, is grossly excessive * and that his failure to inform the contributing public of this percentage arrangement is a fraud upon that public which (were it likely to be continued) would Warrant the injunctive relief asked for by the Attorney-General. The fact that the group which hired the defendant is willing to receive but 55 cents on the dollar is, no doubt, a factor that the court should take into account. But the interests of the citizens who are asked for and urged to make contribution's to this organization are not to be ignored (cf. People v. Gellard, 296 N. Y. 516; Jones v. American Home Finding Assn., 191 Iowa 211; 213, 214).
However, it appears that, since September 1,1959, the defendant is no longer licensed to act as a fund raiser, that he did not apply for a renewal of his license after its expiration, and that he is no longer engaged in solicitation. There is no indication that the defendant proposes to continue in his business of being a professional fund raiser without being licensed as such in pursuance of the requirements of law. In the circumstances, under accepted equity principles in the law, a temporary injunction is not needed and would serve no useful purpose (People v. Canal Board, 55 N. Y. 390, 395). On the basis of the present submission, therefore, the motion is denied.

 See report of the Joint Legislative Committee on Charitable and Philanthropic Agencies and Organizations (Leg. Doc. No. 26 [1954] pp. 18, 19-24, 33-34); Fund Raising in New York State (First Report), State Department of Social Welfare (1957), Second Report, 1958.

The contributors were informed that “ [f]unds realized will be used to pay Hospitalization, Retirement and Death Benefits to our members and their dependents and to defray operating expense of the Police Benevolent Association ”,