■ In the Matter of SPORT CELEBRITIES, INC., et al., Respondents, v BALDWIN MAULL, as Chairman of the New York State Board of Social Welfare, et al., Appellants.—In a proceeding pursuant to CPLR article 78,

*inter alia,* to compel appellants to acknowledge an agreement pursuant to section 482-g of the Social Services Law, which agreement was made between petitioners for the purpose of fund raising, the appeal is from a judgment of the Supreme Court, Nassau County, dated September 22, 1976, which directed appellants to acknowledge and file the agreement. Judgment affirmed, without costs or disbursements. Appellants make a forceful argument that the word "acknowledgment" in section 482-g of the Social Services Law entitles them to withhold approval of a fund raising contract which does not meet their "guidelines". Notwithstanding the purpose of the statute, however, to wit, "to meet the problem posed by unprincipled and unscrupulous charity promoters" (Governor's Message approving art 10-A of the Social Welfare Law, L 1954, chs 418–420, NY Legis Ann, 1954, p 397), we read the subject section as conferring no power upon appellants to approve or disapprove a fund raising contract. The history of the section makes clear that its thrust was to get fund raising contracts on file and available for perusal. Presumably the assumption was that unprincipled fund raisers would be intimidated if they had to file an unconscionable contract. The language of the section, as amended, still has *filing* as its objective, with the restriction that no fund raising is to commence "until the professional fund raiser * * * shall have received an *acknowledgment from the board of the receipt of a copy* of such contract" (emphasis supplied). The "acknowledgment" required is of the "receipt of a copy of [the] contract"— not an acknowledgment that the board will file the agreement because it approves it, or vice versa. The responsibility to enjoin frauds upon the public in the solicitation of funds, and in other ways to prevent unscrupulous fund raising schemes, lies with the Attorney-General (Social Services Law, §§ 482-c, 482-i). The contribution by appellants to this enforcement is not negligible. In their review of contracts which require acknowledgment, they may alert the Attorney-General to any reservations which they may have. It is the Attorney-General who has the responsibility, which he has had since the statute was first enacted, to then proceed (cf. *People v Stone,* 24 Misc 2d 884). Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.